William Tiffany, Respondent, v. Hezekiah B. Lord, Appellant.

The giving of a bond in the form prescribed by the statute in relation to Justices' Courts (2 R. S., 230, § 29), is necessary to confer jurisdiction upon the Marine Court of the city of New York to issue an attachment. An instrument without a seal is not sufficient, and an attachment issued thereon is void.

The appearance of the defendant for the purpose of moving to set aside the attachment is not a waiver of the objection, and does not give jurisdiction or deprive the defendant of his right to bring an action for the unlawful taking of his property by virtue of the attachment.

Where property has been seized by virtue of a void attachment a subsequent levy thereon without a return to and acceptance by the owner or without his consent while in the hands of the officer, by virtue of a valid attachment against him, is not a defence, nor does it go in mitigation of damages in an action for the unlawful taking.

In an action tried at O. for the unlawful taking and conversion of a canal boat at N. Y., a witness for the plaintiff, who testified that he resided at O., was asked the value of the boat. This was objected to on the ground that the value of the boat at O. was not the measure of damages. The objection was overruled. *Held*, no error; that an answer giving the value at N. Y. would have been pertinent, and it did not appear but that such an answer was given; that, to raise the question, defendant should have asked the witness if he referred to the value at O., and, if he answered in the affirmative, then should have moved to strike out his answer.

(Submitted January 12, 1875; decided May term, 1875.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought for the alleged unlawful taking and conversion of a canal boat belonging to plaintiff.

The boat was seized in the city of New York by virtue of an attachment, in favor of defendant against plaintiff, issued out of the Marine Court of that city. For the purposes of the attachment the plaintiff therein (the defendant here) gave an instrument in the form of the statutory bond, but without

a seal. The defendant therein (plaintiff here) moved to set aside the attachment, upon the ground that the court had no jurisdiction. The motion was granted. Defendant thereupon immediately and, as the jury found, without a return of the boat to or acceptance thereof by plaintiff, caused a new attachment to be issued and levied thereon. Judgment was obtained in the action so commenced against plaintiff and the boat was sold. This action was tried at Oswego. A witness called by plaintiff, after testifying that he resided at Oswego, was asked, " what was the value of the boat ? " This was objected to, on the ground that the value of the boat at Oswego was not the measure of damages. The objection was overruled and defendant excepted.

The court charged, in substance, that the first attachment was invalid, and refused to charge that the second attachment was a defence to the action, to which rulings defendant's counsel duly excepted.

*Beebe, Wilcox & Hobbs* for the appellant. The fact that the bond executed on the application for the first attachment was not sealed did not render the attachment void. (*Ring* v. *Gibbs*, 26 Wend., 510; *Dorr* v. *Munsell*, 3 J. R., 430; 2 R. S. [4th ed.], 787, §§ 33, 34; *Potter* v. *Baker*, 4 Paige, 290.) The Marine Court was the proper tribunal in which to determine whether the proceedings in the attachment suit were regular and lawful. (*Smith* v. *Coe*, 1 Swe., 385; *White* v. *Coalsworth*, 6 N. Y., 137; *Demarest* v. *Darg*, 32 id., 281; *White* v. *Merritt*, 7 id., 355; *Gates* v. *Preston*, 41 id., 113.) It was error to receive evidence of the value of the boat in October, 1869. (*Kennedy* v. *Strong*, 14 J. R., 128; *Smith* v. *Griffith*, 3 Hill, 333.)

*Wm. Tiffany*, respondent, in person. The evidence of the plaintiff's witnesses as to the value of the boat was proper. (*Crouse* v. *Fitch*, Ct. App., June, 1868; 6 Abb. Pr. [N. S.], 185; *Smith* v. *Griffith*, 3 Hill, 333; *Richmond* v. *Bronson*, 5 Den., 55; *Wemple* v. *Steward*, 22 Barb., 154; *Campbell* v.

*Woodworth*, 20 N. Y., 499 ; *Marshall* v. *N. Y. C. R. R. Co.*, 45 Barb., 502.) The attachment on which the boat was seized was void for want of jurisdiction. (3 R. S. [5th ed.], 431 ; *Bennett* v. *Brown*, 4 N. Y., 254 ; *Davis* v. *Marshall*, 14 Barb., 96 ; *Johnson* v. *Martin*, 1 N. Y. S. C., 504 ; *Homan* v. *Brinkerhoff*, 1 Den., 184 ; *Comfort* v. *Gillespie*, 13 Wend., 404 ; *Vosburgh* v. *Welch*, 11 J. R., 174 ; *Adkins* v. *Brewer*, 3 Cow., 206 ; *Davis* v. *Marshall*, 14 Barb., 96.) Defendant having wrongfully taken plaintiff's boat could not relieve himself from liability by seizing it, even on a valid attachment in his favor. (*Hammer* v. *Wiley*, 17 Wend., 91 ; *Otis* v. *Jones*, 21 id., 394 ; *Lyon* v. *Yates*, 52 Barb., 237 ; *Livermore* v. *Northrop*, 44 N. Y., 112 ; *Stevens* v. *Burton*, 2 Lans., 160.) Plaintiff's appearance and answer in the Marine Court was not a waiver of the trespass under the void attachment. (*Watts* v. *Willett*, 2 Hilt., 212 ; *Homan* v. *Brinkerhoff*, 1 Den., 184 ; *Bailey* v. *De Laplin*, 1 Sandf., 11 ; *Wright* v. *McClave*, 3 E. D. S., 316 ; *Aberhall* v. *Beach*, id., 345 ; *Kane* v. *Dulex*, id., 127 ; *Seaman* v. *Ward*, 1 Hilt., 52 ; *Redfield* v. *Florence*, 2 E. D. S., 340 ; *Hogan* v. *Baker*, id., 22 ; 2 R. L. of 1813, 370 ; Laws 1857, chap. 344, p. 711, §§ 25–28 ; Laws 1831, chap. 300, § 47.)

Gray, C. The proof that the property was taken from the possession of the plaintiff was sufficient evidence of his title to it at the time it was taken. The question is, whether it was taken with or without legal authority depends upon the validity of the attachment under which it was seized ; and in order to its validity a bond, and such an one as is required by statute, was necessary to confer jurisdiction to issue it. In this case the paper signed by the applicant and surety was without a seal, and very properly held by the court whose judgment is being considered as " not a bond at all." The security required was a bond. Even a covenant will not answer, though it follows the words of the statute. (*Rockefeller* v. *Hoysradt*, 2 Hill, 616, 618 ; *Homan* v. *Brinkerhoff*, 1 Den., 184, 185.) The plaintiff's motion to set aside the attachment was rather

a protest against the authority of the court to issue it than an axiom of its invalidity. The second motion to set aside the attachment after the first was denied, omitting leave to renew it, was, without leave for that purpose first granted, not good practice; but it did not involve in any way the jurisdiction of the justice to hear and decide the motion, nor did a decision either way upon this jurisdictional question deprive the plaintiff of his right to raise the question in this action, and avail himself of his legal remedy for the unauthorized conversion of his property.

The question, then, is, whether, assuming the second attachment to be valid, it can, by reason of any disposition of the plaintiff's property under it, without his consent, go in mitigation of the plaintiff's damages in this action? That it cannot, is settled by authority. (*Hanmer* v. *Wilsey*, 17 Wend., 91, 94; *Otis* v. *Jones*, 21 id., 394; *Lyon* v. *Yates*, 52 Barb., 237.)

The property converted consisted of a canal boat. The conversion was in the city of New York. The trial was at Oswego. A witness who, after testifying that he resided at Oswego, was asked if he knew the boat and its value. The question was objected to by the defendant, upon the ground that the value of the boat at Oswego was not the measure of damages. The objection was overruled and the defendant excepted. The question was general. An answer stating the value at the place of conversion would have been pertinent, and for any thing that appears by the question or answer, it did refer to that place. The point, if it was material, could easily have been raised by asking the witness if he referred in his answer to the value of the boat at Oswego, and if he answered in the affirmative, to move to strike out the answer.

The judgment should be affirmed.

All concur.

Judgment affirmed.