Gawthrop *v.* Leary.

---

HENRY GAWTHROP *et al.*, Respondents, *against* JAMES D. LEARY, Appellant.

(Decided December 6th, 1880.)

A cause having been two days on the day calendar of the court for trial, the defendant's attorney wrote to a witness who was in the defendant's employ, to keep himself in readiness to answer a telegram for the next two days, and thereby save unnecessary attendance. On the last of those days the case was reached in its order and the trial proceeded. Owing to the absence of the witness from his place of business, two telegrams sent to him by the defendant's attorney failed to reach him in time to secure his attendance before the close of the trial. The defendant moved for a new trial on the ground that he was surprised by the absence of the witness, and by the testimony of witnesses for the plaintiff to admissions by the defendant, which were denied by the defendant, and would have been contradicted also by the absent witness. *Held,* that a new trial should not be granted on the ground of ssurprise.

APPEAL from an order of this court denying a motion for a new trial.

The facts are stated in the opinion.   The jury having found a verdict for the plaintiffs, the defendant moved for a new trial, which was denied.   From the order entered denying his motion the defendant appealed.

*John Berry*, for appellant.

*A. A. Abbott*, for respondents.

VAN HOESEN, J.—The defendant's case was on the day calendar on May 20, 21, 24 and 25.   May 22 fell on Saturday, and on that day the defendant's attorney wrote to a Mr. Dunlop, who was in the employ of the defendant, at a coal yard in Twenty-third street, and who was a material and necessary witness for the defense, to keep himself in readiness to answer a telegram on Monday or Tuesday.   Dunlop was never subpœnaed, and was virtually told by the defendant's attorney that he need not come to court as a witness until notified by telegram to do so.   On May 25, the case was duly reached in its order on the calendar, and the defendant answered, ready.   The trial went on, the case was closed, and a verdict rendered, without any suggestion to the court that the defendant desired a postponement on account of the unexpected absence of a material witness.   After verdict, the defendant moved for a new trial on the ground of surprise.   The defendant had no right to be surprised at the absence of Dunlop.   His attorney had told him not to attend court unless telegraphed for, and the risk of the failure of the telegram to reach the witness was solely on the defendant.   The witness was in his employ, and it was his duty to have him present.   If he chose to take the chance of the witness's absence from the office in Twenty-third street, at the time the telegram reached there, if he considered it more to his advantage to have the witness attend to the business of the coal yard than to have him present at the trial, he must abide by the choice he made.

Suits would never end if a new trial should be granted whenever a party saw fit to proceed to trial without the presence of witnesses whose attendance he could at pleasure com-

Morgan *v.* Von Kohnstamm.

mand, and whose testimony he knew, before the beginning of the trial, to be of the greatest importance to his case. There is a good deal in the affidavits to warrant the belief that the defendant's attorney attached so much consequence to his client's testimony that he considered the presence of Dunlop, if not unimportant, at least, not at all necessary to the success of the defense.

The defendant also contends that he was surprised by the testimony of two witnesses for the plaintiff—the Nevens, father and son. They testified to certain admissions made by the defendant, in a conversation with them. These admissions were denied by the defendant, at the trial. He now says that Dunlop, if he had been a witness, would have corroborated him. All that Dunlop could say was well known to the defendant before the trial, and the defendant himself, at the trial, testified to the very matters which he now says he could have proved by Dunlop. The testimony of Dunlop was merely cumulative, at best, and it was this consideration, doubtless, which led the defendant to go to trial without him.

The rules governing the granting of new trials on the ground of surprise are so well understood that it is unnecessary to cite any cases in support of the views expressed by the judge at special term.

Order affirmed, with costs and disbursements.

J. F. DALY, J., concurred.

Order affirmed, with costs.