## LEONARD v. GERMANIA FIRE INS. CO. OF NEW YORK.

(Common Pleas of New York City and County, Special Term.   March 1, 1893.)

NEW TRIAL—SURPRISE—ABSENT WITNESS.

    A new trial on the ground of surprise in the absence of a witness on the day of trial will be denied where the application is based on an affidavit which gives no information as to the merits of the action as disclosed on the trial, and where it appears that on the failure of the witness to appear the applicant did not ask for a postponement on that account, but proceeded to trial.

    Action by Anna Leonard against the Germania Fire Insurance Company of New York on a fire insurance policy.   Complaint dismissed, and plaintiff moves for a new trial.   Denied.

    The moving affidavit is as follows:

    Anna Leonard, being duly sworn, says she is the plaintiff named in the above-entitled action. That this action was brought by plaintiff against the above-named defendant to recover the sum of $1,556.08 on account of loss and damages sustained by plaintiff by reason of a fire in the premises occupied by plaintiff at No. 319 East Ninth street, New York city, upon the 1st day of December, 1890, upon the contents of which premises defendant had theretofore duly issued to plaintiff a fire insurance policy for the sum of $2,500, which at that time was in full force and effect. That after the complaint was served upon defendant herein defendant duly answered, and made an offer of judgment to plaintiff for the sum of $250. That thereafter said cause was duly placed upon the trial calendar of this court, and said cause duly reached for trial in part 1 of this court, before Hon. Leonard A. Giegerich, Esq., justice, upon the 13th day of January, 1893, and the trial of the issues herein duly proceeded with. That, after plaintiff's case was presented to the court, a motion was made by defendant to dismiss plaintiff's complaint herein upon the ground that proper testimony had not been produced by plaintiff to prove the value of property alleged to be destroyed or damaged by the fire mentioned herein, and plaintiff had not made out a case to go to the jury. That thereupon said complaint was duly dismissed, and a judgment duly entered by reason thereof against plaintiff, for the sum of two hundred and twenty-two 08-100 dollars. That the reason of plaintiff not having witnesses in court to prove loss and damage was that a material witness for plaintiff to prove said loss and damage was one Ohloff, who resides at Hoboken, N. J., and whom plaintiff had duly notified to be present, and who had theretofore several times been present, and who plaintiff expected would be present, but who failed to appear at the trial hereof. That plaintiff, expecting he would be present before said plaintiff's case would be all presented to the court and jury, commenced the trial thereof. That said witness, Ohloff, plaintiff is informed and believes true, intends to shortly become a resident of this city, and be within the jurisdiction of this court. That in case of said witness not becoming a resident of this city, plaintiff will apply for a commission to take his testimony. That, in addition to his testimony, plaintiff expects to have other and competent testimony to prove her case when said cause shall be reached for trial. Wherefore, for the causes aforesaid, plaintiff asks that a new trial be granted of the issues involved herein, and said cause be restored to the trial calendar of this court. Plaintiff further alleges that she is poor, and totally unable to pay any costs that the court may deem fit to impose as a condition in granting a new trial herein. Plaintiff further alleges that no other application has been made for the relief asked for herein.

    W. H. Mellor, for plaintiff.
    Ernest Hall, for defendant.

PRYOR, J. The method of this application is anomalous. Instead of moving on a case, the plaintiff presents an affidavit only, and that fails to communicate any information respecting the merits of the action as disclosed on the trial. No matter how absolute the surprise of a party, nor how exempt he may be from fault, still the granting a new trial depends upon the circumstances of the case and the interests of substantial justice. Tyler v. Hoornbeck, 48 Barb. 197, 199; Williams v. Montgomery, 60 N. Y. 648. How, upon the meager matter before me, can I say that justice will be promoted by according the plaintiff another trial? But, indeed, she exhibits no such surprise as the law recognizes to be a sufficient ground for relief. She had notified the witness, and he had been in court, but he failed to appear the day of the trial. Nevertheless, the plaintiff requested no postponement on account of his absence, but proceeded with the trial, "expecting he would be present before the plaintiff's case would be all presented to the court and jury." For lack of proof of a material fact, which the absent witness was to establish, defendant moved to dismiss the complaint. Thereupon plaintiff suggested the withdrawal of a juror, but the court refused, and dismissed the action. Thus the plaintiff took the chance of the witness' arrival, and she must abide the result of her improvident experiment. So are all the cases. Gawthrop v. Leary, 9 Daly, 353, 354; Messenger v. Bank, 6 Daly, 190, 200. In Cahill v. Hilton, 31 Hun, 114, a motion for an adjournment was seasonably made. In Oakley v. Sears, 7 Rob. (N. Y.) 111, 113, the court said that a plaintiff is not remediless, because, in case of surprise, he can submit to a nonsuit. Here, as the complaint was dismissed, the plaintiff may sue again. Except in total disregard of the established rule and of all precedents, I cannot grant this motion. Motion denied, but without costs.