(18 App. Div. 97.)

### FLEISCHMANN v. SAMUEL et al.

(Supreme Court, Appellate Division, Second Department. May 18, 1897.)

1. NEW TRIAL—MISCONDUCT OF JUROR—TIME OF MOTION.

A motion for a new trial because of the misconduct of a juror is not governed by Code Civ. Proc. § 1002, which requires a motion "founded upon an allegation of error in a finding of fact or ruling upon the law, made by the judge upon the trial," to be made within a certain time, before the judge who presided at the trial.

2. SAME—WHAT CONSTITUTES MISCONDUCT.

There was not such misconduct of a juror as to require a new trial where the juror, when the court adjourned, conversed with plaintiff, but when questioned by the court said that he did not know that the man was the plaintiff or he would not have spoken to him, and that he (the juror) only said, "It is a long sit to sit here all day."

**3. TROVER AND CONVERSION—MEASURE OF DAMAGES.**
   The measure of damages for conversion of a chattel is its value at the time and place of conversion, though the place was a building owned by a third person.

Appeal from trial term, Kings county.

Action by Louis Fleischmann against Mendel Samuel and others for conversion. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, and also from an order denying a motion for a new trial on the ground of the alleged misconduct of a juror, defendants appeal. Affirmed.

Argued before CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Edward W. S. Johnston, for appellants.
M. Hallheimer, for respondent.

WILLARD BARTLETT, J. These appeals were argued together, and it will be most convenient to consider and decide them together. The action was brought to recover $600, damages for the alleged conversion of an engine. The defense was a general denial. The case was tried in Brooklyn, before Mr. Justice Osborne and a jury. After the adjournment of the court, on the first day of the trial, the foreman of the jury was observed in conversation with the plaintiff. The attorney for the defendants called the attention of Mr. Justice Osborne to this fact, whereupon the judge told the juror that he was guilty of a gross impropriety, and asked him what he was saying to the plaintiff, to which the juryman responded, "I just said it was a long sit to sit here all day." The next morning, the defendants' attorney made a formal motion for leave to withdraw a juror, and for a new trial, on account of the foreman's misconduct; and the presiding judge thereupon put a number of questions to the juror himself, to the plaintiff, and to one of the court officers, as to what had happened on the afternoon previous. The foreman declared that he never saw the plaintiff before this case; that he did not recognize him as the plaintiff, or he would not have spoken to him; and that he simply said it was a long day to sit in court, and his back ached from sitting there. The plaintiff, on the other hand, denied having spoken to the juror, and said the juror did not speak to him. The court officer did not notice that anything passed between them. At the conclusion of his investigation, Judge Osborne said he did not think there had been any such communication between the foreman and the plaintiff as might be deemed calculated in any degree to impair the verdict which might be rendered by the jury; and he directed the trial to proceed. The jury subsequently rendered a verdict of $400 for the plaintiff. A motion for a new trial, on the ground of this juror's misconduct, was afterwards made upon the case as settled, and upon additional affidavits, at a special term held by Mr. Justice Gaynor; and it is from an order denying that motion that the first appeal is taken.

The plaintiff's counsel objected that the motion was required by section 1002 of the Code of Civil Procedure to be heard at a special

term held by the judge who presided at the trial, and also that it must be noticed within the time limited by that section. These objections were properly overruled. They apply only where the motion "is founded upon an allegation of error in a finding of fact or ruling upon the law, made by the judge upon the trial." A motion based upon a juror's misconduct is not subject to any such restrictions. The correct practice is to make the application at special term. Moore v. Railroad Co. (Com. Pl.) 8 N. Y. Supp. 329; Paulitsch v. Railroad Co., 50 N. Y. Super. Ct. 241. It is always proper, however, to call the attention of the trial judge to the objectionable occurrence, if ascertained before the close of the case, as in that event he may see fit to allow a juror to be withdrawn. But at special term any judge may hear a motion for a new trial on this ground. We are of the opinion, therefore, that the application in the present case was seasonably made in the right place, and that Mr. Justice Gaynor had jurisdiction to hear it.

We also think that he decided it correctly, and we agree with him that, in the light of all the proof, the act of the juryman appears, at most, to have been an inadvertent indiscretion. There is no reason to believe that it had the slightest effect upon the verdict. This view accords with what was evidently the impression made upon the mind of the trial judge, who saw the parties at the time, and who carefully investigated the occurrence by a personal examination of those concerned in it, reaching the conclusion that no wrong had really been done. To that conclusion, we think, great weight should be given by an appellate tribunal.

Upon the appeal from the judgment, the only point pressed upon our attention relates to the measure of damages. The engine which the defendants converted had been left by the plaintiff in a building on Montrose avenue, in the city of Brooklyn, with the permission of the owner of the place. The proof does not show any relation between the defendants and this building or its owner; but the defendants appear to have acquired the engine from some third parties, who neither owned it nor had any right to sell it. The conversion was clearly established. The trial judge charged the jury, in substance, that the measure of damages was the value of the engine at the time when and the place where it was converted. This instruction is criticised so far as it relates to the place at which the value is to be ascertained, the appellants insisting that the plaintiff could recover the value of the engine only after it was taken out of the building on Montrose avenue, inasmuch as he did not own that building, but merely had permission to leave the engine there for the time being. We do not find any exception in the record which raises this point, but, even if there was one, it would not help the appellants, for the rule which the court laid down was correct. The value of the converted article at the place of conversion is ordinarily the true measure of damages. See Tiffany v. Lord, 65 N. Y. 310. In the case at bar this place was that part of Brooklyn where the engine was situated when the defendants took it, and where the plaintiff himself could have delivered it to a purchaser, if he had sold it. The instruction did not assume that the engine could be

kept by the purchaser in the building, and, if the defendants had any apprehension that it would be so understood by the jury, they should have requested the court to charge explicitly on that point, and the request would undoubtedly have been complied with.

The verdict is assailed as excessive, but, while we should have been better satisfied with a smaller recovery, we cannot say that there is not sufficient evidence to sustain the jury's estimate of the value of the converted engine.

The judgment and the orders appealed from must be affirmed. All concur.