utory law in favor of the few as against the rights of the many, and we are thus brought to the conclusion that the order appealed from, in so far as it affects this class of the respondents, should be reversed, with costs.

Order modified as to respondent Lewis so that her name remain on the tax roll, the same to be followed by the word "exempt." As to the other respondents, order reversed, with $10 costs and disbursements, and application denied, with $10 costs. All concur.

---

FROHLE v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

EVIDENCE—EXPERT TESTIMONY.

In an action against a street railway for injuries to a child 3 years old, it appeared that the motorman was justified in believing that the child would cross the track safely, until the car was within 20 feet of the child. At this distance the motorman applied the brake, and stopped the car within 20 to 25 feet, but not in time to prevent the accident. An expert witness called by plaintiff testified that, by proper application of the brake, the car could be stopped within a distance of from 20 to 25 feet. *Held*, that, as the evidence was competent and material to the issue, it was error to strike it out at the request of plaintiff.

Appeal from trial term, Kings county.

Action by Walter Frohle, an infant, by James D. Bell, his guardian ad litem, against the Brooklyn Heights Railroad Company. From a judgment entered on a verdict for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Martin W. Littleton, for appellant.
A. H. Dailey, for respondent.

HATCH, J. At the close of the plaintiff's proof the defendant offered no testimony, but stood upon the case as presented by the plaintiff. The action was to recover damages for personal injuries sustained by the plaintiff in coming in contact with a car of the defendant which it is claimed was negligently operated. So far as material to the question which controls our judgment in the disposition of this case, it appeared that the plaintiff was an infant 3 years and 4 months of age at the time of the accident. We assume that the infant was properly upon the street, and that no negligence is to be attributed to the parent in permitting it to cross the track of the defendant under the circumstances established by the evidence. It appeared that the infant had crossed the track upon which the car was operated, and was about stepping over a loose rail which lay upon the adjoining track, which was being reconstructed and was not then in use, when the car operated by the defendant upon the other track struck the child with the running board upon the car, knocked it under the same, and inflicted the injuries of which complaint is made. The claim

of negligence upon the part of the defendant is based upon the
mismanagement of the car, in not properly controlling the same.
The evidence would have authorized the jury to find that the child,
in the position it was after crossing the track, would entirely clear
the track and the overhang of the car before the car would reach
it. Up to that point the jury might well have said that a rea-
sonably prudent person operating the car was justified in assum-
ing that the child would clear the rail and car, and that the latter
might be safely run by it. The child in fact cleared the track,
and came to the loose rail, where it hesitated about getting over.
The car was then distant at least 20 feet. Up to this point the
jury might well have thought that the motorman was justified in
believing that the child would be clear of danger, and that it was
safe to continue the speed of the car; and thereby exonerate the
defendant from negligence. At this distance (20 feet) it was evi-
dent that the child was in danger of being struck. The motor-
man was required then to use his best efforts to stop the car and
prevent injury. The evidence is that he applied the brake and
attempted to stop the car, bringing it to a standstill within 20
to 25 feet, but not in time to prevent the accident. Upon this tes-
timony the jury might well have found that the defendant was
guilty of no negligence, and in consequence that no liability at-
tached. It is quite evident that the distance within which the car
could be stopped became a material question in the case. As bear-
ing upon this question, the plaintiff called an expert witness, who
qualified as such, and elicited the fact that the car, by proper
application of the brake, under the surrounding circumstances,
could be stopped within a distance of from 20 to 25 feet. The
witness was exhaustively cross-examined upon the subject, and
his testimony became competent testimony in the case. It was
not only competent, but it was material to the defendant, in a
view of the case which the jury were authorized to adopt,—i. e.
that the appearance of danger to the child did not exist until the
car was within 20 feet of it. If then the motorman applied the
brake,—and the proof tends to establish that he did,—the jury
were authorized to find from the testimony of the expert that he
stopped the car as soon as it could be stopped; and thus would
be removed the imputation of negligence. At the close of the
proof, counsel for the plaintiff asked that the testimony of the
expert be stricken out, and that the jury be directed to disregard
it. The court replied, "I will strike it out." The defendant ex-
cepted. Counsel for plaintiff then said, "The eight miles an hour,
the distance within which the car could be stopped." The court
replied, "I will strike out his answer." Thereupon counsel for
the defendant said, "My exception still remains on the record, I
understand." The court replied, "The record remains as it is
now." It is not entirely clear from this colloquy just what was
left of the testimony of this witness, although it seems reasonably
clear that, if the court qualified its first ruling, yet it struck out
the statement of the witness as to the distance within which the
car could be stopped; and to such ruling defendant's exception

fairly applied. We are not, however, embarrassed by this question; for at the close of the charge counsel for the plaintiff said to the court, "Will you tell them to disregard the testimony of Whelan entirely?" And upon this request the court stated to the jury that the testimony was stricken out, and that the jury was to disregard it. To this ruling and charge the defendant excepted. The ruling was wrong, and presents reversible error. The court had no power to strike out the testimony, as it was competent, and in the case for the benefit of both parties, and both were entitled to have it remain. Fredenburgh v. Biddlecom, 85 N. Y. 196; McCabe v. Brayton, 38 N. Y. 196; Spaulding v. Hallenbeck, 35 N. Y. 204. The testimony was not only competent, but it was important, as it bore upon an issue vital to both parties.

The judgment should therefore be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.