## SMITH v. LIDGERWOOD MFG. CO.

(Supreme Court, Appellate Division, Second Department.    April 19, 1901.)

1. NEW TRIAL—HEARING—SPECIAL TERM—SAME JUDGE—ABSENT MATERIAL WITNESSES—REFUSAL OF CONTINUANCE.

Under Code Civ. Proc. § 1002, providing that a motion for a new trial, where it is founded on an allegation of error in a finding of fact or ruling of law made by the judge on the trial, cannot be heard at a special term held by another judge, a motion for a new trial on the ground of a refusal of a continuance or of a short suspension to allow the bringing in of absent material witnesses might be heard at any special term, since there was no error in a finding of fact or law.

2. SAME—REFUSAL.

An action was three times on trial before the court; the first trial taking three days, and the plaintiff taking a day and a half to present his case at the second. The third trial came on after noon, and plaintiff's case was finished, and defendant, having examined four witnesses, had exhausted his witnesses in court before 4 o'clock. Four disinterested witnesses for defendant, material on the main issue of the case, had attended the first two trials without subpœna, but objected to being kept from their business through the entire trial. They had been notified to attend at 10 o'clock on the morning after the third trial commenced. Defendant telephoned for two of such witnesses, one of whom said he would come immediately. The court refused to grant a continuance till the next morning, and, on learning that no subpœna had issued for such witnesses, refused a moment's delay, and ordered defendant to sum up his case. Verdict for plaintiff resulted. Held, that defendant was entitled to a new trial for the court's unwarranted refusal to postpone the trial.

3. SAME—MOTION AFTER JUDGMENT ENTERED.

Under Code Civ. Proc. § 1005, providing that the entry, collection, or other enforcement of a judgment does not prejudice a subsequent motion for a new trial, entry of judgment in a certain suit was no bar to such a motion.

4. SAME—APPEAL FROM JUDGMENT PENDING.

The fact that an appeal from a judgment in a certain suit was pending was no bar to a motion for a new trial.

Goodrich, P. J., dissenting.

Appeal from special term, Kings county.

Action by Robert J. Smith against the Lidgerwood Manufacturing Company. From an order denying a motion for a new trial, defendant appeals. Reversed conditionally.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

James D. Fessenden, for appellant.
George G. Reynolds, for respondent.

PER CURIAM. We think that the appellant was not restricted by section 1002 of the Code of Civil Procedure to move at a special term presided over by the learned justice who sat at the trial, inasmuch as the motion was not founded on an allegation of error in a finding of fact or ruling upon the law made on the trial. Fleischmann v. Samuel, 18 App. Div. 97, 45 N. Y. Supp. 404, appeal dismissed 154 N. Y. 731, 49 N. E. 1097; Kehrley v. Shafer, 92 Hun, 196, 36 N. Y. Supp. 510. The controlling question in this case before the special term was whether a new trial should have been

granted in furtherance of justice. Modern practice is liberal to afford a full day in court. Glassford v. Lewis, 82 Hun, 48, 31 N. Y. Supp. 162. We are constrained to think that the learned special term erred in not exercising its discretion to order a new trial. The case had been tried twice before without results, and had consumed the better part of three days on the first trial, while the plaintiff occupied about one and a half days on the second trial. It came on for third trial after midday. The plaintiff called nine witnesses and the defendant four, and yet so rapid was the progress (and no criticism of undue haste is made against the learned trial justice) that some time between 3:30 o'clock and 4 o'clock of that day the plaintiff had closed his case, and the defendant's witnesses then in court were exhausted. Counsel for defendant inquired of the clerk of the court the probable hour of adjournment, and was told that the court, in all probability, would sit until the case was finished, whereupon the counsel summoned by telephone two proposed witnesses who were within the borough when the case was tried. Shortly before 4 o'clock, counsel laid before the court the situation of affairs, stated that he had four disinterested witnesses who had objected to being kept from their business through the whole length of the trial, that the forecast had been made that the trial would last as long as the previous trials, that the witnesses, who were not in the employ of the defendants, had been notified, would be in court on the following morning, and asked for a continuance until that time. This application was denied; whereupon an associate counsel stated that he had telephoned to two of the witnesses, and that 20 minutes had elapsed since one had answered that he would come at once, that such witness would probably be in court within 10 minutes, and that he believed that the other witness, who was in the borough, was on his way. Upon this state of facts, counsel for the defendant requested a short suspension. The plaintiff's counsel was not called upon by the court, and neither assented nor objected, but the court, after asking whether a subpœna had been issued, and ascertaining that it had not, refused to permit any delay, and directed the defendants' counsel to sum up his case, which went to the jury, who returned a verdict of $5,000 against the defendant. The action involves the suit of a servant against his master for negligence, and the main contention was that the defendant was negligent in failing to establish and enforce proper rules to prevent the accident. It was an essential question whether it was practicable to adopt such rules which, if obeyed, would afford protection against such accident. Smith v. Manufacturing Co. (Sup.) 67 N. Y. Supp. 533. The missing witnesses were three superintendents and a foreman of other companies, respectively. They had attended throughout the first trial without subpœnas, and throughout the second trial, and had testified at the latter. On that occasion they had been called at the end of plaintiff's case, but had demurred at such long detention from their business, and had promised to attend the third trial at an hour's notice. It is stated that they were the sole disinterested witnesses for the defendant. When the case was about to be tried, they had been notified to hold them-

selves in readiness, and when the case actually came on at half past 12 o'clock, they had been notified to appear on the following day at 10 o'clock. The learned counsel for the respondent cites Gawthrop v. Leary, 9 Daly, 353, as "a case very much like this, and is an authority directly in point." But that case presents a material difference, for Van Hoesen, J., in his opinion, writes:

"The trial went on, the case was closed, and a verdict rendered, without any suggestion to the court that the defendant desired a postponement on account of the unexpected absence of a material witness."

The facts of this case are more like those stated in the opinion of Dykman, J., in Cahill v. Hilton, 31 Hun, 114, although it is true that in that case Carpenter was a foreign witness. The entry of judgment on the verdict was not a bar to the motion (Tracey v. Altmyer, 46 N. Y. 598; section 1005, Code Civ. Proc.); nor do we see any insuperable objection in the fact that this motion was made while the appeal from the judgment was pending.

The order is reversed, with $10 costs and disbursements, and a new trial is granted, and the judgment vacated, upon the condition that within 10 days the appellant pay to the plaintiff the costs of the trial as taxed; otherwise it is affirmed, with $10 costs and disbursements.

GOODRICH, P. J., dissents.