The foregoing views lead us to conclude that the judgment of the county court should be reversed, and the judgment of the justice's court should be modified by reducing the same $70, as of the date of the rendition thereof, and as modified affirmed, without costs in the county court or in this court to either party. All concur.

---

(77 App. Div. 290.)

## HUBNER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. December 12, 1902.)

1. CYCLIST—COLLISION WITH HORSE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   Whether plaintiff, who was injured by colliding with a horse while riding his bicycle, was guilty of contributory negligence, *held*, under the evidence, to be a question for the jury.

2. WITNESSES—IMPEACHMENT—PARTY CALLING.

   Where, in an action for personal injuries, a witness called by plaintiff testified on cross-examination as to a matter of defense not touched on in his direct examination, plaintiff, on a recross-examination, was entitled to discredit his testimony as to such defensive matter by the introduction of evidence given by him on a former trial.

3. TRIAL—STRIKING OUT EVIDENCE.

   Competent evidence introduced by plaintiff cannot be stricken out on his motion if the evidence could, in any view, be of benefit to defendant.

4. SAME—HARMLESS ERROR.

   It is not prejudicial error to strike out, on plaintiff's motion, competent evidence, which has been introduced by him, if the evidence does not appear to have in any way inured to the benefit of defendant.

   Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Charles M. Hubner, an infant, by Adolph Hubner, his guardian ad litem, against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.

John Quinn, for respondent.

HATCH, J. This action was brought to recover damages for injuries claimed to have been received by the negligent act of one of the defendant's employés. The plaintiff, a boy of the age of about 10 years and 8 months, was injured while riding a bicycle easterly upon Twenty-Sixth street, near the corner of Lexington avenue. He and another boy were riding down Twenty-Sixth street, and when about 50 feet from Lexington avenue, plaintiff looked up, and saw an ash cart coming down the avenue about 100 feet above Twenty-Sixth street. In front of them, standing near the southerly side of Twenty-Sixth street, was a horse and wagon, and just behind this standing wagon was a team of horses coming on a trot, hitched to an express wagon. As the express wagon turned out to pass the standing wagon, plaintiff's friend, who was riding beside him, ran his bicycle between the two wagons, which were from 3 to 5 feet

apart. Plaintiff did not attempt to go between the two wagons, but turned out to the left of the express wagon, and when he was about five feet behind it the driver of the cart coming down Lexington avenue turned his horse suddenly into Twenty-Sixth street, at a point about 10 to 15 feet from Lexington avenue, when the horse and the boy upon the bicycle came into collision, and the plaintiff received injuries, for which he is now seeking to recover damages. All of the plaintiff's witnesses who saw the driver of the ash cart before the collision testified that the driver was standing up in the cart, and whipping the horse; that he was driving rapidly, and that he came down Lexington avenue until about opposite the middle of Twenty-Sixth street, when he suddenly turned, still whipping his horse, and ran into the boy on the wheel at a point in Twenty-Sixth street varying in distance from about 10 to 15 to upwards of 40 feet from Lexington avenue. The defendant testified that he was letting the horse walk; that he had no whip in his hand, and was not whipping the horse; and that he turned into Twenty-Sixth street to the curb on his right-hand side, and that the plaintiff, who was riding upon his wheel, while attempting to turn around, ran into his horse, and was thus injured. It is the contention of the appellant that, inasmuch as the plaintiff himself testified that he had passed to the rear of the express wagon when the collision occurred, he then had a clear street to the right, and plenty of room to avoid the horse on the ash cart; and that, if he collided with it, it must have been from his own negligence. It will be seen, however, from an examination of plaintiff's testimony, that he had just passed the express wagon, and was about five feet in its rear, when the accident occurred, and it was for the jury to say whether he was able to avoid the collision, or turn before the horse struck him.

The plaintiff called as a witness McGrath, the driver of the cart, who testified that upon the day of the accident he was working for the defendant, driving the ash cart; that as he turned into Twenty-Sixth street about 2 feet from the curb, and when about 15 feet from Lexington avenue, the boy, in trying to turn around on his bicycle, ran into the horse's belly, and thus received his injuries. The plaintiff asked him nothing about whether he was whipping the horse or not. Upon cross-examination by the defendant he testified that he did not have a whip in his hand. Upon this point he was cross-examined by the plaintiff's counsel, and the evidence was read which he had given upon a former trial, for the purpose of discrediting him, and upon other points about which the defendant had questioned him that had not been touched upon by the plaintiff. The defendant contends that this was error, in that it was an attempt by the plaintiff to impeach his own witness. We are of opinion that the court did not err in the ruling which it made. The cross-examination related to a matter independent of the direct examination, and was part of defendant's affirmative defense. Under such circumstances the witness became subject to a cross-examination in manner the same, as to the subject-matter developed by the defendant, as the plaintiff would have been entitled to had McGrath been called by the defendant. The limitation of the rule under such circumstances is that

witnesses may not be called to impeach the character, as the party calling the witness vouches for his credibility to that extent.     Hunter v. Wetsell, 84 N. Y. 549, 38 Am. Rep. 544; Coal Co. v. Hewson, 158 N. Y. 150, 52 N. E. 1095, 43 L. R. A. 676, 70 Am. St. Rep. 466; Becker v. Koch, 104 N. Y. 394, 10 N. E. 701, 58 Am. Rep. 515.

Counsel contends that error was committed in permitting the plaintiff to withdraw from the case the testimony given by Dr. Williams. This physician had treated the plaintiff since October, 1898. He examined him at the time of the accident. He did not, therefore, testify as an expert upon a hypothetical state of facts developed by the testimony alone, but from actual knowledge which he had gathered by attendance upon him professionally. The witness was cross-examined by the defendant with respect to the curvature of the spine, with which the plaintiff was afflicted, at considerable length, and the redirect examination related to the subject-matter of the cross-examination which had preceded it. We think that the entire testimony, as given by the witness, was competent, and might have been permitted to remain in the case. Counsel for the defendant does not point out in his brief wherein any error was committed in its reception. Being competent, and in the case, it is clear that it could not be stricken out and disregarded, even though produced by the plaintiff, if the defendant was prejudiced thereby. If having once come into the case, the defendant was entitled to have it remain, as well as the plaintiff, if any inference arose therefrom which could in any view be of benefit to the defendant. Frohle v. Railroad Co., 41 App. Div. 344, 58 N. Y. Supp. 551; Fredenburgh v. Biddlecom, 85 N. Y. 196; Spaulding v. Hollenbeck, 35 N. Y. 204. The learned counsel for the appellant has not pointed out in his brief in what manner, if any, the defendant was, or could be, prejudiced by striking out this testimony. The distinct effect of the testimony which was stricken out was to limit the force of the cross-examination with respect to the curvature of the spine, and the anæmic condition of the plaintiff; and, if any benefit was derived by striking it out, that benefit inured to the defendant, as it left the cross-examination of the witness upon such subject without any qualifying circumstances. It was, therefore, more favorable to the defendant than it would have been had the testimony so stricken out remained in the case. Error was not, therefore, committed by the ruling of the court in this regard. The law upon this subject seems to be that, even though an error be committed by the court in admitting testimony, yet, if it appear with reasonable certainty that the party has not been prejudiced by the introduction of the evidence, and will not be prejudiced by striking it out, the court is authorized to correct the error. Newman v. Ernst (Super. Buff.) 10 N. Y. Supp. 310, and cases cited. In Erben v. Lorillard, 19 N. Y. 299, it appeared that prejudicial error was committed which could not be cured by striking out. Indeed, it was evident from the conclusions reached by the jury in that case that they did not follow the direction of the court, as, with the testimony stricken out, nothing remained to support the verdict. It was, therefore, clear that prejudicial error was committed, which was not cured by striking out. In Travor v. Railroad Co., 3 Keyes, 497, Judge

Grover, who wrote in Erben v. Lorillard, modified his statement in the former case, and held that it would be proper to strike out testimony if it appeared from the whole case that the jury were not influenced thereby. In the cases relied upon by the defendant the testimony received and stricken out was of a character from which the court could see that the jury must have been impressed thereby, in which case the error in receiving incompetent testimony will not be cured by striking it out. Koehne v. Railroad Co., 32 App. Div. 419, 52 N. Y. Supp. 1088, affirmed on appeal 165 N. Y. 603, 58 N. E. 1089. In the present case it is not perceived how competent testimony, which was only favorable to the plaintiff, and which in no view inured to the benefit of the defendant, constitutes prejudicial error against the latter in being stricken out.

We find no error which calls for a reversal of this judgment. It should, therefore, with the order appealed from, be affirmed, with costs. All concur, except VAN BRUNT, P. J., and INGRAHAM, J., who dissent.