## MORAVEC v. GRELL.

(Supreme Court, Appellate Division, First Department. January 9, 1903.)

1. WRONGFUL ATTACHMENT—ACTION AGAINST SHERIFF—ELEMENTS OF DAMAGES.

In an action against a sheriff for wrongfully attaching a stock of goods, lost profits cannot be recovered, their place being taken by legal interest on the value of the goods.

2. SAME—ERRONEOUS ADMISSION OF EVIDENCE—CURE.

The erroneous admission, in an action against a sheriff for wrongfully attaching a stock of merchandise, of evidence of lost profits, is not cured by instructions that the measure of damages is the sum which will replace the goods, and that plaintiff cannot recover damages based on good will or profits arising therefrom; the evidence not being specifically withdrawn, the verdict being apparently excessive unless lost profits were included, and both the trial court in its opinion and counsel on appeal treating that element of damages as in the case.

3. DECLARATIONS OF SELLER—IMPEACHMENT OF BUYER'S TITLE.

Declarations of a seller, made after the sale, are not admissible to impeach the buyer's title.

Appeal from trial term, New York county.

Action by Antoine Moravec against William F. Grell. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

J. Woolsey Shepard, for appellant.
Paul Jones, for respondent.

HATCH, J. This action is brought against the sheriff of the county of New York for a wrongful conversion of certain goods and chattels claimed to be the property of the plaintiff under a warrant of attachment issued against the property of Joseph Moravec, the husband of the plaintiff. The property consisted of a small stock of goods, contained in a delicatessen store, the business of which at the time of the conversion was carried on by the plaintiff. The evidence in the case was entirely sufficient for the jury to find that the plaintiff was the owner of the goods seized under the attachment. While it is true that the proof upon this point was conflicting, and the jury would have been authorized to have found that the husband was the owner of the property, yet it is also true that the proof offered is quite satisfactory to show title in the plaintiff, and, if this were the only question in the case, we should have no difficulty or hesi-

¶ 3. See Evidence, vol. 20, Cent. Dig. § 855.

tation in affirming the judgment which has been rendered. The case, however, presents questions in rulings upon the admission of evidence, which we regard as fatal to the judgment. The value of the property was seriously contested, and the proof given upon the part of the plaintiff, bearing upon such point, is less satisfactory than her proof of ownership. Substantially she is the only witness who testified in her favor upon that subject. She was competent so to testify, as she had knowledge of the business carried on, the market price of the articles which were dealt in at the store, and had a general knowledge of the character of the business by purchase of goods and otherwise. Upon the trial, however, she was permitted to testify, over the objection and exception of the defendant, to the amount of profits which she derived from the business each month during a specified period of time, and stated, in answer to the questions relating thereto, that such profits were from $80 to $90 a month. The ground of the objection interposed to this evidence was that it was incompetent, and was not pleaded as a claim for recovery. The court overruled the objection, to which ruling the defendant excepted.

It is evident that loss of profits of the business was not such a proximate result of the seizure as authorized a recovery for the same, unless the pleading covered such subject, assuming that loss of profits could be made the subject of damages in such an action. Loss of profits constitutes special damages, and, in order to authorize a recovery for them, it is required to be pleaded when recoverable. In this case, however, loss of profits do not constitute an element of damage for which a recovery is authorized. In Wehle v. Haviland, 69 N. Y. 448, it was said by Judge Allen:

"The plaintiff was entitled to recover so much as would repair the injury sustained by the wrongdoing of the defendants; and that was the money value of the goods at the time, and interest thereon. * * * The sum at which the plaintiff could have replaced the goods in market would have indemnified her for the loss sustained, and the interest upon that sum would have given her the legal profit to which she was entitled, the fixed legal rate of interest taking the place of the uncertain and indefinite profits which the plaintiff might have made either from the possession of the goods or their equivalent in money."

The market price at the place of the conversion is ordinarily the measure of damage. Parmenter v. Fitzpatrick, 135 N. Y. 190, 31 N. E. 1032; Fleischmann v. Samuel, 18 App. Div. 97, 45 N. Y. Supp. 404. Special cases and circumstances sometimes furnish an exception to this rule, as is pointed out in the cases to which we have called attention; but there is nothing in the present case which takes it out of the operation of the ordinary rule. There is, however, no case in an action against a sheriff for the conversion of personal property where profits can be allowed as an element of damages. The interest upon the sum of money awarded as the value of the property is the legal substitute for loss of profits in such case. The ruling, therefore, in admitting this testimony, was clearly erroneous. It is claimed, however, to have been cured by subsequent events. The court, in its charge to the jury, stated properly that the issues which they were to determine were whether the plaintiff was the owner of

the property, and what was its value, and subsequently stated that the measure of damages was the sum of money which would replace the articles which the plaintiff claimed. This charge was correct, so far as it went. It omitted the element of interest. The court subsequently charged that the plaintiff was not entitled to recover any damages based upon the good will of the business, or of the profits arising therefrom. Nowhere did the court correct the error arising from the admission of this testimony; but it was left in the case as it was received. In addition to this, it appears that the sum recovered is up to the last limit of the value of the property converted. Indeed, it may be urged with considerable force that the damages awarded, based upon the actual value of the property, are excessive in amount. Counsel for the respondent has found it necessary in his brief upon this appeal to call the court's attention to the fact that the damages are not excessive for the reason that the proof as to the value of the articles converted must be considered with the testimony tending to show the amount of profits which the business earned; that the jury's verdict for the gross sum, considering both the element of conversion and trespass, without awarding separate sums therefor, is sufficient from which to find that the verdict, as rendered, is reasonable. It thus appears that the counsel regarded proof upon the subject of profits as not only properly in the case, but that the jury were authorized to consider that element upon the question of damages, and that this court is justified and required to take it into consideration in disposing of such question. If, therefore, the counsel for the respondent regards the proof as still being in the case, and proper for consideration, it is not unreasonable to assume that the jury so understood it, and gave force and effect to such testimony. It also appears that the learned court before whom the case was tried, took the same view, and treated the case as presenting not alone the question of conversion, but also the trespass, and that damages could be awarded for both. The language of the opinion is:

"By her complaint, unrestricted to an action for conversion alone, the plaintiff is entitled to recover the value of the stock and fixtures seized and loss of profits by the interruption of her possession."

The court then proceeds in further discussion of such subject, holding that damages can be awarded for interference with the trade and business. The case cited of Schile v. Brokhahus, 80 N. Y. 614, does not, however, sustain such contention. That was an action brought to recover damages for a trespass upon real property, the trespass consisting in the tearing down of a portion of the building, whereby the business carried on by the plaintiff upon the premises was seriously interfered with; and it was held that loss of profits consequent upon such act, as well as damages for the breach of contract, might naturally and certainly be expected to follow therefrom, and were, therefore, recoverable in such an action. There is no suggestion that in an action of conversion of personal property by a sheriff such rule is applicable. The two cases are radically different. It appears, therefore, that not only does the improper evidence remain in the case, but that both court and counsel, in support of the disposition of the questions involved, regarded it as still there; and

not alone in the case, but as a controlling factor in its disposition. Certainly, if court and counsel so regarded it, this court is justified in the assumption that the jury must have considered it, and that the award of damages was based thereon. The error, therefore, in the reception of the testimony, must be considered as enduring within the rule of all the cases bearing upon the subject from Erben v. Lorillard, 19 N. Y. 299, to the latest expression in Hubner v. Railway Co. (decided December 12, 1902, not yet officially reported) 79 N. Y. Supp. 153.

The testimony given by the witness Houghton of the declarations of the husband was incompetent if they were made after the execution of the bill of sale of the property. Declarations of a vendor, made after a sale, which impugn the title of the vendee therein, are not admissible in evidence to impair such title. The testimony, however, in the present case, was received without objection upon the part of the plaintiff, and consequently that question is presently immaterial. The testimony of the witness Houghton is quite slight in identification of the husband of the plaintiff. It was, however, received, and was in the case for consideration. In rebuttal the plaintiff and her son were called in contradiction of the testimony given by that witness. The date at which the husband called at Houghton's office was a material question in the case, and both the plaintiff and her son testified that, instead of being there on the 17th day of January, as Houghton had said, after the bill of sale was executed, it was in fact on the 3d or 4th of January, before the execution of the instrument. Upon cross-examination it was developed that the only information which these witnesses had upon this subject was such as they had derived from the declarations of the husband. A motion was thereupon made to strike out such testimony. The motion was denied, and an exception taken. It should have been granted. The testimony was mere hearsay, bore upon a material issue, and was prejudicial to the defendant.

For these reasons we think the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.