BROWN et al. v. GROSSMAN et al.

(Supreme Court, Appellate Term. May 15, 1908.)

NEW TRIAL—TIME FOR MOTION.
    A motion for new trial on the ground that the verdict is contrary to
the law as ruled by the trial judge—that is, the instructions given the jury
and the proofs submitted to them—is not within Code Civ. Proc. § 1002,
prescribing a time limitation for a motion for new trial "founded on an

allegation of error in a finding of fact or ruling on the law, made by the judge on the trial."

Appeal from City Court of New York, Special Term.

Action by Louis Brown and others against Fannie Grossman and others. From an order granting a motion by defendants for an order directing plaintiffs to accept service of a certain proposed case on appeal, plaintiffs appeal. Affirmed.

See 109 N. Y. Supp. 670.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

I. Gainsburg, for appellants.
J. McG. Goodale, for respondents.

GREENBAUM, J. The time limitation affecting motions for a new trial under section 1002 of the Code of Civil Procedure applies to motions "founded upon an allegation of error in a finding of fact or ruling upon the law, made by the judge upon the trial." Fleischmann v. Samuel, 18 App. Div. 99, 45 N. Y. Supp. 406. The motion for the new trial in this case is specifically stated not to be based upon any error in a finding of fact (clearly not applicable to a jury trial) or ruling on the law made by the judge upon the trial of the action, but is expressly limited to the grounds that the "verdict is contrary to the law as ruled by said trial judge." In other words, a new trial is sought because the jury found a verdict in violation of the legal instructions of the court and the proofs submitted to them; and the case of Barrett v. Third Avenue R. R. Co., 45 N. Y. 628, seems to be authority for the correctness of defendants' practice.

The order appealed from must be affirmed, with $10 costs and disbursements. All concur.