[No. 13038. Department One. June 13, 1916.]

A. BERTSCHINGER, *Respondent*, v. R. H. CAMPBELL, *Appellant*.[1]

WITNESSES—IMPEACHMENT—IMPEACHING OWN WITNESS — CROSS-EXAMINATION—SCOPE. Where cross-examination of a witness for defendant went beyond any legitimate bounds of cross-examination and elicited matters supporting plaintiff's case, not touched upon in direct examination, the plaintiff makes the witness his own as to such matters, and the witness may be impeached by the defendant, upon laying proper foundation, by showing contradictory statements made at other times and places.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered March 31, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for extortion. Reversed.

*Albers & Allen* and *Hayden, Langhorne & Metzger*, for appellant.

*J. N. Hart, George W. Wilson,* and *Wedmark & Grimm*, for respondent.

FULLERTON, J.—This is an action brought by the respondent to recover the sum of $1,000, alleged to have been extorted from him by the appellant under a threat of prosecution for an alleged criminal operation on a pregnant

[1]Reported in 158 Pac. 80.

woman. The appellant, in defense, denied the extortion, and alleged affirmatively that an uncompleted operation for an abortion had been performed upon the woman by the respondent, and that the money was paid him as a physician and surgeon for completing the operation and for caring for the woman until she recovered, the operation being necessary to save the woman's life.

The woman attended the trial under subpoena as a witness for the respondent, but was not placed on the witness stand by him. When the appellant put in his case, he called the woman and questioned her as to when and under what circumstances she first met the respondent. She answered, fixing the time and place as December 26, 1912, at the respondent's office in Portland, Oregon, and by stating that she was then accompanied by the man who was responsible for her condition. Answering further questions, she testified that she went to the home of the appellant at Vader, in this state, on December 28, 1912, to take service as a domestic, and that she visited no other doctor after leaving the office of plaintiff in Portland until she arrived at the home of the appellant. She was also shown a writing and was asked if the signature thereto was hers, answering in effect that she did not think it was. The respondent then took the witness and, under the guise of cross-examination, proceeded to develop his own case, eliciting from the witness testimony to the effect that the respondent had not operated upon her nor given her medicines for the purpose of producing an abortion, and that the abortion had been performed by the appellant through the administration of medicines and the use of instruments. The appellant, upon redirect examination, then asked her if she had not made contrary statements to certain persons which he named, to which she answered in the negative. He then called as a witness one of such persons and interrogated her concerning the statements. Objection was made thereto by the respondent, which the trial court sustained. The appellant's counsel then called the attention of

the court to the fact that he had laid a foundation for impeaching the witness by the questions propounded to her on his reexamination, and asked if the court's ruling would be the same if he called the other persons named. On being informed that it would, he took exceptions to the ruling.

The jury returned a verdict for the respondent for the full amount demanded. This appeal is from the judgment entered on the verdict, the appellant assigning as his sole error the refusal of the court to admit in evidence the impeaching testimony.

We think the court was in error in excluding the testimony. It is true the witness sought to be impeached had been placed upon the stand as a witness by the appellant, but the cross-examination went beyond any legitimate bounds of cross-examination, in that it elicited matters not touched upon in her direct examination, and which were directly essential to the establishment of the respondent's case. It is a well-settled rule that, when new affirmative or defensive matter, not touched upon in the direct examination, is brought out by the cross-examination, the cross-examining party makes the witness his own as to such matters, and that the witness may be impeached by showing that he has made, at other times and places, contradictory statements. *Hubner v. Metropolitan St. R. Co.*, 77 App. Div. 290, 79 N. Y. Supp. 153; *State ex rel. Hospes v. Branch*, 151 Mo. 622, 52 S. W. 390; *Bebee v. Tinker*, 2 Root (Conn.) 160; *Artz v. C., R. I. & P. R. R. Co.*, 44 Iowa 284; *Green v. Metropolitan St. R. Co.*, 42 App. Div. .160, 58 N. Y. Supp. 1039; *Smith v. Utesch*, 85 Iowa 381, 52 N. W. 343; 40 Cyc. 2693.

The rejection of the impeaching testimony constituted prejudicial error, for which the judgment must be reversed and the cause remanded for a new trial. It is so ordered.

MORRIS, C. J., MOUNT, CHADWICK, and ELLIS, JJ., concur.