### SMITH v. LIDGERWOOD MFG. CO.

(Supreme Court, Appellate Division, Second Department. December 14, 1900.)

1. MASTER AND SERVANT—DANGEROUS EMPLOYMENT—NEGLIGENCE—FAILURE TO MAKE AND ENFORCE RULES.

 A servant was injured while in the employment of his master, in a large machine shop, by being struck in the eye by a piece of chipped iron from a machine operated by another employé. The master had not made and enforced any rules which would have prevented such accident, although many employés had received slight injuries, and there was a practical way of preventing such accidents, by the use of screens, which could be improvised by the workmen, and which were in general use in similar shops. *Held*, that the negligence of the master in failing to make and enforce rules for the prevention of such danger would make it liable for the injury to the servant.

2. SAME—ASSUMPTION OF RISK.

 Where work in a machine shop, which caused small pieces of chipped iron to be thrown from the machinery, was so carried on that no chips were thrown towards a servant, to his knowledge, till the day he was injured by a piece of chipped iron thrown from a machine operated by a fellow workman, the servant had not assumed the risk of such danger, so as to prevent a recovery from the master for the failure of the latter to establish and enforce rules for protection against such injury.

 Hirschberg, J., dissenting.

Appeal from special term, Kings county.

Action by Robert J. Smith against the Lidgerwood Manufacturing Company for personal injuries received by the plaintiff while in the employ of the defendant. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

James D. Fessenden, for appellant.
George G. Reynolds, for respondent.

WILLARD BARTLETT, J. "If a master is engaged in a complex business, that requires definite regulations for the safety and protection of his employés, a failure to adopt proper rules, as well as laxity in their enforcement, is negligence per se, and the establishment of defective or improper rules is such negligence as renders the master responsible for all injuries resulting therefrom." Wood, Mast. & S. (2d Ed.) § 403. The rule thus stated by Mr. Wood was approved by the court of appeals in Morgan v. Iron Co., 133 N. Y. 666, 31 N. E. 234, and is to be regarded as correctly laying down the law of this state on the subject.

The plaintiff in the present action, while employed in the machine shop of the defendant, at work upon a lathe, was struck in the eye by a piece of iron which was chipped off of an engine frame by a fellow laborer, who was at work at a distance of between 9 and 12 feet from him. The principal contention in his behalf upon the trial was that the defendant corporation was negligent in failing to establish and enforce proper rules, which would have prevented such an accident. The testimony, when considered with the picture of the interior of the machine shop, which is contained in the appeal book, amply sufficed to show that the business of the defendant was complex enough to call for the application of the doctrine invoked by the plaintiff. It was necessary for him to go further, however, and show that it was practicable to adopt a rule which, if obeyed, would afford proper protection to the servants of the defendant. Thus in Larow v. Railroad Co., 61 Hun, 11, 15 N. Y. Supp. 384, Mr. Justice Martin said:

"I am of the opinion that, before a railroad company can be found guilty of negligence in not making and promulgating any certain rule, it must at least be shown that the rule is practicable, proper, and, if observed, would give reasonable protection to its employés."

This is equally true of any other corporation conducting a business of complexity through the agency of numerous employés assembled together. The rule which was suggested as proper in behalf of the plaintiff was a requirement that screens should be used to prevent the chips from flying, where the chipping of iron was carried on in a machine shop near other operatives employed there. There was proof that such screens were improvised by the workmen and customarily employed in machine shops other than that of the defendant, and it was manifest that such a precaution would generally be efficacious to prevent such an accident as that which cost the plaintiff the sight of one of his eyes. No requirement on the subject of screens or other protective measures against the danger arising from chipping was to be found among the printed shop rules and regulations of the defendant corporation, nor does it appear that there was any oral rule or regulation in respect to the dangers to be apprehended from chipping. Nevertheless the fact that persons employed in the machine shop were frequently exposed to injury from this source must have been evident to the managers of the defendant's business.

This is apparent from the testimony of Abram Cavanagh, a machinist in the employ of the defendant, who testified:

"The men in the shop came to me, when they had met with accidents of that character, to take the pieces out of the eye,—whatever is in it. * * * I do not mean that it is a common thing that pieces of iron like the one that has been shown here flew into people's eyes. They may be small chips, or they may be scale from the work as the tool drives,—the scale of the castings. * * * If they hit him in the right spot, it will take his eyes out. Pieces fly there that, if they happen to hit a man right, would cut out his eye. Take the average, three or four weeks, we will say a man might be hit in the eye that way. We don't naturally ask him how he was hit. We just take it out. Might be hit once in every three or four weeks."

The learned trial judge properly instructed the jury that if dangerous chipping had been going on in the vicinity of the plaintiff for some time, and he knew of it, and saw that no screens were put up, and nevertheless continued at his work without any complaint or any request for screens, he took the risk of the injury. As to this branch of the case, the plaintiff's own testimony authorized the jury to find that such chipping as had been done in the machine shop to his knowledge up to the time of the accident had been done in such a way as not to throw the chips towards him at all, and hence that nothing had occurred to call his attention to the fact that there was no rule or custom of the establishment calling for the use of screens when chipping was done under such circumstances as to expose the fellow workmen of the chipper to danger from the flying bits of iron. This evidence suffices to take the plaintiff out of the operation of the rule that a servant assumes all the risks incident to a business when he knows that no suitable rules or regulations have been adopted for its management.

I think the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur, except HIRSCHBERG, J., who dissents.