ROBERT J. SMITH, Respondent, *v.* LIDGERWOOD MANUFACTURING COMPANY, Appellant.

*Motion for a new trial in furtherance of justice — it need not be made before the judge who tried the case — when it should be granted — that judgment has been entered and an appeal taken is not a bar.*

A motion to set aside a verdict and for a new trial, not founded on an allegation of error in a finding of fact or ruling of law made on the trial, but upon the ground that a new trial should be granted in furtherance of justice, need not be made, under section 1002 of the Code of Civil Procedure, at a Special Term presided over by the justice who sat at the trial.

Where the counsel for the defendant in an action on trial before the court and a jury, after exhausting his witnesses, requests an adjournment on the ground of the absence of four disinterested witnesses who had not been subpœnaed, but who had promised to attend the trial at an hour's notice and whose absence was due to the fact that the defendant's counsel erroneously supposed that the trial would last as long as two previous trials of the case, and the court denies the

application and compels the defendant's counsel to present his case to the jury, who render a verdict in favor of the plaintiff, the Appellate Division, upon a consideration of all the circumstances, considered that the defendant's motion for a new trial should be granted upon condition that the defendant pay to the plaintiff the costs of the trial as taxed.

The fact that judgment has been entered on a verdict and that an appeal from the judgment is pending, is not a bar to the motion.

GOODRICH, P. J., dissented.

APPEAL by the defendant, the Lidgerwood Manufacturing Company, from an order of the Supreme Court, made at the Suffolk Special Term and entered in the office of the clerk of the county of Kings on the 10th day of October, 1900, denying the defendant's motion to set aside the verdict, and for a new trial of the action.

*James D. Fessenden,* for the appellant.

*George G. Reynolds,* for the respondent.

PER CURIAM:

We think that section 1002 of the Code of Civil Procedure did not compel the appellant to move at a Special Term presided over by the learned justice who sat at the trial, inasmuch as the motion was not founded on an allegation of error in a finding of fact or ruling upon the law made on the trial. (*Fleischmann* v. *Samuel,* 18 App. Div. 97; appeal dismissed, 154 N. Y. 731; *Kehrley* v. *Shafer,* 92 Hun, 196.) The controlling question in this case before the Special Term was whether a new trial should have been granted in the furtherance of justice. Modern practice is liberal to afford a full day in court. (*Glassford* v. *Lewis,* 82 Hun, 48.) We think that the learned Special Term erred in not exercising its discretion to order a new trial. The case had been tried twice before without results, and had consumed the better part of three days on the first trial, while the plaintiff occupied about one and a half days on the second trial. It came on for a third trial after midday. The plaintiff called nine witnesses and the defendant four, and yet so rapid was the progress (and no criticism of undue haste is made against the learned trial justice) that some time between three and a half o'clock and four o'clock of that day the plaintiff had closed his case, and the defendant's witnesses then in court were exhausted. A counsel for defendant inquired of the clerk of the court the probable hour of adjournment, and was told

SMITH v. LIDGERWOOD MANUFACTURING CO.    469

that the court, in all probability, would sit until the case was finished, whereupon the counsel summoned by telephone two proposed witnesses who were within the borough.    Shortly before four o'clock counsel laid before the court the situation of affairs, stated that he had four disinterested witnesses who had objected to being kept from their business through the whole length of the trial ; that the forecast had been made that the trial would last as long as the previous trials ; that the witnesses, who were not in the employ of the defendant, had been notified, would be in court on the following morning, and he asked for a continuance until that time.    This application was denied.    Whereupon an associate counsel said that he had telephoned to two of the witnesses and that twenty minutes had elapsed since one had answered that he would come at once ; that such witness would, probably, be in court within ten minutes, and that he believed that the other witness, who was in the borough, was on his way.    Upon this statement counsel for the defendant requested a short suspension.    The plaintiff's counsel was not called upon by the court, and neither assented nor objected, but the court, after asking whether a subpœna had been issued, and ascertaining that it had not, refused to permit any delay, and directed the defendant's counsel to sum up his case, which went to the jury, who returned a verdict of $5,000 against the defendant. The action involves the suit of a servant against his master for negligence, and the main contention was that the defendant was negligent in failing to establish and enforce proper rules to prevent the accident.    It was an essential question whether it was practicable to adopt such rules which, if obeyed, would afford protection against such accident.    (*Smith* v. *Lidgerwood Mfg. Co.*, 56 App. Div. 528 ; 67 N. Y. Supp. 533.)    The missing witnesses were three superintendents and a foreman of other companies, respectively.    They had attended throughout the first trial without subpœnas, and throughout the second trial, and had testified at the latter.    On that occasion they had been called at the end of plaintiff's case, but had demurred at such long detention from their business, and had promised to attend the third trial at an hour's notice.    It is stated that they were the sole disinterested witnesses for the defendant.    When the case was about to be tried they had been notified to hold themselves in readiness, and when the case actually came on at half after twelve o'clock

they had been notified to appear on the following day at ten o'clock. The learned counsel for the respondent cites *Gawthrop* v. *Leary* (9 Daly, 353) as "a case very much like this, and is an authority directly in point." But that case presents a material difference, for VAN HOESEN, J., in his opinion, writes : " The trial went on, the case was closed and a verdict rendered without any suggestion to the court that the defendant desired a postponement on account of the unexpected absence of a material witness." The facts of this case are more like those stated in the opinion of DYKMAN, J., in *Cahill* v. *Hilton* (31 Hun, 114) although it is true that in that case Carpenter was a foreign witness. The entry of judgment on the verdict was not a bar to the motion (*Tracey* v. *Altmyer*, 46 N. Y. 598 ; Code Civ. Proc. § 1005), nor do we see any insuperable objection in the fact that this motion was made while the appeal from the judgment was pending. The order is reversed, with ten dollars costs and disbursements, and a new trial is granted, and the judgment vacated, upon the condition that within ten days the appellant pay to the plaintiff the costs of the trial as taxed ; otherwise it is affirmed, with ten dollars costs and disbursements.

All concurred, except GOODRICH, P. J., dissenting.

Order reversed, with ten dollars costs and disbursements, and new trial granted, and judgment vacated, upon condition that within ten days the appellant pay to the plaintiff the costs of the trial as taxed ; otherwise, order affirmed, with ten dollars costs and disbursements.