ELLIS v. HEARN.

(Supreme Court, Appellate Division, First Department. May 7, 1909.)

1. NEW TRIAL (§ 117*)—PROCEEDINGS—TIME OF MOTION—REARGUMENT.

Where a motion for a new trial was made under Code Civ. Proc. § 999, authorizing the trial judge to entertain a motion made at the same term, to set aside the verdict and grant a new trial upon exceptions, or because of excessive or inadequate damages, or because the verdict is contrary to the law or evidence, and the motion was denied and the term expired, a new trial could not be thereafter granted under the statute upon reargument of the motion; the rights of the parties being then fixed.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 239; Dec. Dig. § 117.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
116 N.Y.S.—62

**2. NEW TRIAL (§ 131\*)—RECORD—CASE-MADE—NECESSITY.**

Under the express provision of Code Civ. Proc. § 998, it is not necessary to make a case upon a motion for new trial upon the ground of surprise, so that a case was not necessary on reargument of a motion by defendant for a new trial on that ground after the direction of a verdict for plaintiff, because there was no evidence to the contrary.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 263-269; Dec. Dig. § 131.\*]

**3. NEW TRIAL (§ 1\*)—POWER OF COURT—SUPREME COURT.**

The power of the Supreme Court over its judgments is inherent, and not derived from or controlled by the statutory provisions.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 1-3; Dec. Dig. § 1.\*]

**4. NEW TRIAL (§ 114\*)—PROCEEDINGS—MOTION—JURISDICTION.**

Under Code Civ. Proc. § 1002, providing that in a case not specified in the last three sections, which do not relate to a motion for new trial on the ground of surprise, a motion for new trial must, in the first instance, be heard at Special Term, considered with section 998, making a case unnecessary for the purpose of moving for a new trial on the ground of surprise, a motion for new trial upon that ground must in the first instance be heard at Special Term.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 114.\*]

**5. APPEAL AND ERROR (§ 222\*)—PROCEEDINGS BELOW—OBJECTIONS—WAIVER.**

Defendant's motion for a new trial on the ground of surprise by the illness of his principal witness was denied, but the trial judge directed the parties to submit all books bearing upon the question, and stated that, if it appeared that the witness' testimony was as defendant claimed, he would consider a motion for a new trial. Thereafter, upon plaintiff's refusal to submit his books, the trial judge made an order to show cause, returnable at chambers, why a rehearing should not be granted. There was no suggestion upon argument of irregularity upon the ground that the hearing was not before the Special Term, and the order granting a new trial was entitled as at Special Term, and recited that it was granted in furtherance of justice. *Held*, that plaintiff could not object for the first time on appeal that the order was not made at Special Term; the fact that the judge was not sitting in the Special Term courtroom when he made the order not being a jurisdictional matter, but a mere irregularity which was waived, the parties having had a fair hearing upon the motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1333-1336, 1356; Dec. Dig. § 222.\*]

**6. NEW TRIAL (§ 88\*)—GROUNDS—ABSENCE OF WITNESS.**

The nonappearance of an expected witness is ground for a new trial on the ground of surprise.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 176; Dec. Dig. § 88.\*]

Ingraham and Houghton, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Edith H. Ellis against George A. Hearn. From an order setting aside a judgment for plaintiff and granting a new trial, plaintiff appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Charles S. Mackenzie (Walter F. Wood, of counsel), for appellant.
Philip S. Dean (David B. Ogden, of counsel), for respondent.

CLARKE, J. This is an appeal from an order made at "Special Term of the Supreme Court * * * held at chambers thereof in the county courthouse," setting aside a verdict and granting a new trial. The order was made by the trial judge. The action was brought for rent reserved by two leases of real estate and upon a contract made at the closing of title for the sale of said real estate, and the question in litigation was whether certain rents were paid in advance at the beginning of the quarter, or paid at the end of the quarter,. for previous rent. The respondent had a witness under subpœna whose testimony was material upon that point, and who, in fact, was the only witness that could testify to the facts with knowledge. He was taken sick. When the case was called for trial, a doctor's certificate was produced and a motion was made for an adjournment, which was denied, and the case set for 2 o'clock the same day. At 2 o'clock the motion for a postponement was again denied, and the trial proceeded and resulted in a direction of a verdict for the plaintiff. A motion was thereupon made for a new trial upon all the grounds stated in section 999 of the Code of Civil Procedure, and upon the further ground of surprise in the nonappearance of the witness Kieley. The motion was denied and an order was entered, but it is alleged in the moving affidavit that the trial justice thereupon stated that, if the facts in connection with the testimony of Kieley were subsequently brought to his attention in the form of a motion, he would consider the said motion. He thereupon directed both parties to the action to proceed to investigate the facts as to the exact amount of rent which had been previously paid on account of said leases, and to this end that the books of all parties be examined, and that motion papers stating the result be prepared and presented to him. The answering affidavit expressly states:

"The learned trial justice stated that if Kieley had paid his rent in advance as contended by the defendant that the fact could be easily ascertained from Kieley himself, and a motion might be made to the court for a retrial of the cause if it appeared that said Kieley had actually paid the rent of said premises in advance, and could prove the same. There was a suggestion made by the learned trial judge that the plaintiff or defendant should submit all or any of the books and papers which the plaintiff had showing how and when the payments of the rent by said Kieley had been made."

In accordance therewith, an investigation of the books was commenced; but, after allowing the defendant to look at the books covering a couple of years, the plaintiff refused to allow any further investigation. Whereupon an order to show cause was obtained from the justice who had presided at the trial, returnable before him, for a rehearing of the motion made at the close of said trial. Such rehearing was subsequently had, and thereupon the motion was granted, the verdict and judgment were set aside and a new trial was granted; the order stating:

"The said justice having allowed a reargument of said motion so made at the close of the said trial, * * * and in furtherance of justice."

So far as the motion papers asked for and the order appealed from purported to grant, a reargument of the motion made at the close of the case to set aside the verdict and for a new trial upon the grounds

stated in section 999 of the Code of Civil Procedure, I do not think it can be sustained. That motion is based "upon exceptions, or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence or contrary to law." It must be made upon the judge's minutes "at the same term." If an appeal is taken, "it must be upon a case prepared and settled in the usual manner." The motion was made at the same term, was denied, and an order entered, and the term expired. The rights of the several parties were then fixed. The right of appeal existed. That motion was based upon the record of the case as presented; and, if that record disclosed error, it was available, and a reversal could be obtained by the ordinary method and practice prescribed. If the record did not contain error, there was no ground for granting the motion in the first place, and no ground could thereafter be supplied to justify a reargument. We shall, therefore, treat the order as one granting a new trial upon the ground of surprise. This is one of the grounds provided for in section 998 of the Code of Civil Procedure, and it is expressly provided that upon such a motion it is not necessary to make a case. Section 1002 provides that:

"In a case not specified in the last three sections, a motion for a new trial must in the first instance be heard and decided at the Special Term."

Reading this section in connection with section 998, it follows that a motion for a new trial upon the ground of surprise must in the first instance be heard and decided at the Special Term.

The order to show cause having been granted by the judge who presided at the trial and made returnable before him at chambers, the parties appeared and submitted their papers and affidavits, and argument was had, without any suggestion of irregularity upon the ground that the proceeding was not before the Special Term appointed to dispose of litigated motions; and the order entered upon the motion is entitled:

"At Special Term of the Supreme Court * * * held at chambers thereof in the county courthouse."

I think the plaintiff thereby waived the question of regularity, and that it is not available, being raised for the first time upon appeal.

The power of the Supreme Court over its judgments is inherent, not derived from or controlled by statutory or Code provisions. In Donnelly v. McArdle, 14 App. Div. 217, 43 N. Y. Supp. 560, three years and eight months after the entry of the judgment, and after two motions had been made and denied for a new trial, the plaintiff, upon a new set of papers, obtained an order to show cause from the trial judge why the case should not be reopened upon the ground of surprise and a new trial had. Mr. Justice O'Brien, writing the prevailing opinion upon the appeal to this court, said:

"We all agree that the court had power to grant the motion, and that such power was not dependent upon or limited by the Code, but is inherent in the court. Vanderbilt v. Schreyer, 81 N. Y. 646; Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842, 8 Am. St. Rep. 748. In the latter case it was said: 'The whole power of the court to relieve from judgments taken through mistake, inadvertence, surprise, or excusable neglect is not limited by section 724, but,

in the exercise of its control over its own judgments, it may open them upon the application of any one for sufficient reason in the furtherance of justice. Its power to do so does not depend upon any statute, but is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent.' And in speaking of such power the court in Vanderbilt v. Schreyer, supra, said: 'There are so many occasions for its exercise that it should not be curtailed. Whether the power shall be exercised in any case rests in its discretion with the exercise of which this court will not ordinarily interfere.' "

By Code provisions and rules of court, the exercise of the general powers conferred upon the Supreme Court is distributed among its justices out of court, its Trial and Special Term parts, its Appellate Term, and its Appellate Division. The orderly administration of justice requires that the practice as governed by Code and rules should be followed. Irregularities in practice, however, may be waived. I do not think that the jurisdiction of the Supreme Court to entertain the motion now under consideration and grant the relief sought is affected by the question of in what room in the county courthouse the judge making the order entitled at the Special Term sat, provided that the parties were before him with opportunity to present their papers and their arguments, had a fair hearing, and submitted the question for decision without raising the question. Where it appears, as it does in the case at bar, upon the statements in the affidavits upon both sides, that this was a motion whose possibility was contemplated and suggested by the learned trial judge, and where he has made an order which recites that it was granted in furtherance of justice, we should not interfere therewith.

What appellant did object to upon the hearing was that a case should have been made, and that, as no case had been made, the court could not entertain the motion; but, as pointed out, a case is not required upon the motion for a new trial upon the ground of irregularity or surprise. The making of a case under such circumstances would be an idle formality. The motion is not based on rulings at the trial and the admission and exclusion of evidence. The court directed a verdict because there was no evidence to the contrary; and the reason there was no evidence was because of the unexpected absence of a material witness by whom the only evidence could have been given. The nonappearance of an expected witness furnishes good reason for the granting of a new trial on the ground of surprise. Tilden v. Gardinier, 25 Wend. 663; Cahill v. Hilton, 31 Hun, 114, affirmed 96 N. Y. 675; Smith v. Lidgerwood, 60 App. Div. 467, 69 N. Y. Supp. 975.

Under the circumstances presented by this record, the order appealed from should be affirmed, with $10 costs and disbursements.

LAUGHLIN and SCOTT, JJ., concur

INGRAHAM, J. (dissenting). This action was an action at law and came on for trial at the Trial Term, which resulted in a verdict for the plaintiff. The defendant then made a motion for a new trial on all the grounds stated in section 999 of the Code of Civil Procedure, and upon the further ground that the defendant had been surprised by the nonappearance of the witness Kieley. This motion was denied and an

order entered on the 28th day of October, 1908, whereupon judgment was entered upon the verdict. After the October Trial Term had adjourned, and on November 27, 1908, upon an affidavit of the defendant's attorney setting forth the facts in relation to the absence of a witness at the trial, the presentation of a physician's certificate to that effect to the court, and the motion to adjourn the trial and its denial by the court, an order to show cause was granted by the justice who tried the case requiring the plaintiff to show cause before him at his chambers in the county courthouse in the city of New York "why an order should not be made and entered herein directing the rehearing of the motion made at the close of the trial of the above-entitled action for a new trial, and why there should not be a new trial of said action, and why the verdict therein directed should not be set aside upon the ground of the exceptions taken during said trial, and because the verdict is against the evidence and contrary to law, and because upon the trial of this action the defendant herein was surprised by the nonappearance of a material witness, to wit, Timothy J. Kieley, and why the said defendant should not have such other and further relief as to the court may seem just." The parties appeared before the trial justice at his chambers in the courthouse in the city of New York, and affidavits were introduced in opposition to the motion, whereupon an order was entered which recited that it was entered at a Special Term of the Supreme Court held at chambers thereof on the 11th day of December, 1908; that the action came on for trial before one of the justices of this court and a jury on the 26th day of October, 1908; that the defendant, through his attorney, had duly moved for an adjournment of the trial upon the ground that he was surprised by the nonappearance of a material witness then under subpœna, and presented to the trial judge a certificate of a physician that the witness was ill and unable to attend upon the trial of the action; that, said motion to adjourn having been denied, the justice presiding at the trial, after hearing the allegations and proofs of the parties, directed a verdict in favor of the plaintiff and against the defendant, "and said defendant having thereupon made a motion to set aside the said verdict upon the exceptions taken during the said trial, and because the verdict was against the evidence and contrary to law, and in general upon all the grounds stated in section 999 of the Code of Civil Procedure, and further because upon said trial the said defendant was surprised by the nonappearance of the said material witness, to wit, Timothy J. Kieley, and the said justice having denied said motion; and an order denying said motion having been made and entered herein in the office of the clerk of the county of New York on the 28th day of October, 1908, and a judgment in favor of the said plaintiff and against the defendant having been rendered in the sum of $1,377.71 damages, and the sum of $70.03 having been entered in the said clerk's office on the 4th day of November, 1908, and a motion having come regularly on on the return of an order to show cause made by the said Honorable James O. O'Gorman, the justice who presided at the said trial and dated the 27th day of November, 1908, which order directed that the plaintiff or her attorney show cause why there should not be a reargument of the mo-

tion made at the close of the said trial to set aside verdict upon all the grounds stated in said motion and for a new trial of said action and for such other relief as might be proper, and the said justice having allowed a reargument of said motion so made at the close of said trial —it was then ordered that the motion for a new trial be granted, the verdict of the jury, the judgment entered thereon, and the order denying a motion to set aside the verdict vacated and set aside, and the case restored to the general calendar for trial.

The motion made before the learned justice at his chambers was thus a motion to reargue a motion which had been made and decided at the Trial Term, which Trial Term had adjourned. The order to show cause was returnable before the trial justice at his chambers, and not at the regular Special Term of the court for the hearing of litigated motions, and was heard by him, not as an original motion at Special Term, but as an application made to him to rehear a motion made to and decided by the Trial Term at which he had presided and which had adjourned. This motion which the Trial Term of the court had heard and decided, and which could be reviewed on appeal, and which the learned justice at his chambers ordered reheard and granted, was made under section 999 of the Code of Civil Procedure. That section provides that the judge presiding at a trial by a jury may in his discretion entertain a motion made upon his minutes at the same term to set aside the verdict or a direction dismissing the complaint, and grant a new trial upon exceptions or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence or contrary to law. The right to move for a new trial, or the right of the judge presiding at the trial to entertain a motion made upon his minutes, is limited to a motion made at the same term of the court at which the trial was had. The judge who presided at the trial would have no jurisdiction to entertain a motion for a new trial on his minutes after the term had adjourned; and where a motion was made and decided, and an order entered denying the motion for a new trial upon the minutes, and the Trial Term at which the case was tried had adjourned, it follows that the trial justice had no power to either entertain a new motion for a new trial on his minutes, or to reverse his decision denying the motion for a new trial, vacate the order denying it, and grant the motion. The motion had been made to the trial judge upon his minutes. He had exercised his discretion in hearing the motion, had decided it, and an order had been entered denying it; and the proper method of reviewing that order was by an appeal. The practice in relation to motions for new trials is regulated by chapter 10, tit. 1, art. 3, Code Civ. Proc., of which section 999 is a part. Careful provision is there made for the various motions for new trials which may be made and the court to which such a motion must be made. Section 997 provides that where a party intends to appeal from a judgment rendered after the trial of an issue of fact, or to move for a new trial of such an issue, he must, except as otherwise prescribed by law, make a case and procure the same to be settled and signed by the judge, justice, or the referee by or before whom the action was tried. Section 998 provides that it is not necessary to make a case for the purpose of

moving for a new trial upon the minutes of the judge who presided at a trial by a jury or upon 'an allegation of irregularity or surprise. Then follows section 999, which regulates the motion for a new trial upon the judge's minutes. Sections 1000 and 1001 provide for a motion for a new trial to be made at the Appellate Division; and section 1002 provides for a motion for a new trial to be made at Special Term. It is there provided that, in a case not specified in sections 999, 1000, and 1001, a motion for a new trial must in the first instance be heard and decided at Special Term. The only instances in which a motion can be made at Special Term for a new trial, except upon a case and exceptions, are those specified in section 998 of the Code, namely, upon the minutes of the judge who presided at the trial by a jury, or upon an allegation of irregularity or surprise. This motion was not made upon any claim of irregularity, but as a motion on the judge's minutes on the ground therein specified and of surprise. The basis of this motion for a new trial on the ground of surprise was the failure of a witness to appear upon the trial. That ground was before the Trial Term of the court, and was raised by a motion to adjourn the trial upon the ground that a material witness was absent on account of sickness, and upon the motion to the Trial Term for a new trial on the minutes. The question as to whether there should be an adjournment of the trial presented to the judge at Trial Term, and there the absence of the witness was known to counsel before the trial commenced. The defendant claimed his right to have the trial adjourned in consequence of the absence of the witness. The refusal of the court to adjourn the trial presented a question to which an exception could be taken, and which was reviewable on appeal from the judgment, as was any other ruling of the court upon the trial, or on the appeal from the order refusing a new trial.

Thus the question as to whether the defendant was entitled to a new trial either for an error of the judge in refusing to postpone the trial or upon the ground of the absence of a material witness could be directly presented upon the appeal from the judgment, or on an appeal from the order denying the motion for a new trial on the minutes. The surprise for which a party can move for a new trial at the Special Term certainly is not a surprise because of a fact of which a party at the trial had full knowledge, and where the facts in relation thereto were called to the attention of the court at the trial, and a ruling made which could be reviewed on appeal. Careful provision is made in the Code for preserving the rights of the parties to an action by enabling a defeated party to review a ruling of the trial judge upon the trial to which an exception is taken by an appeal from an order denying a motion for a new trial made upon the judge's minutes. Where a case has been regularly tried and a verdict rendered and judgment entered thereon, and a motion for a new trial has been made and denied, the orderly administration of justice requires that the ruling upon the trial should be reviewed by an appeal, and not by an application to the trial judge after the trial is ended, judgment entered, and the term adjourned to review his former decision and undo all that has been done. While recognizing fully the power of the court

over its own decisions, the power to open and vacate judgments, and grant to either party the relief to which he is entitled, there must be some finality in the disposition of actions; and when a case has been fairly tried, and the questions presented determined by the trial judge and a jury, and judgment has been duly and fairly entered, there must be something more than an error of law by the trial judge to justify him in granting a new trial after the term at which the case was tried had ended, and the action had been finally determined by the entry of final judgment. Whether or not a motion regularly made at Special Term upon the ground of surprise would or would not have been justified in this case is not presented. This was not such a motion. The defendant applied to the court to reargue the motion made on the judge's minutes which had been denied. He applied, not to the Special Term, but to the judge who had presided at the Trial Term at which the action was tried; and that judge, not holding a Special Term of the court, but at his chambers, directed a reargument of a motion that had been heard at Trial Term and denied, and granted that motion, a proceeding which I think was entirely unauthorized, and which cannot be entertained without a violation of the established practice and the express provisions of the Code sustained.

I think, therefore, that the order appealed from should be reversed, with $10 costs and disbursements.

HOUGHTON, J., concurs.