(84 Misc. Rep. 41)

RAYNE v. O'CONNOR.

(Supreme Court, Appellate Term, First Department. February 11, 1914.)

1. NEW TRIAL (§ 158*)—MOTION—RIGHT TO ENTERTAIN.
    After expiration of the term, the court was without jurisdiction on re-
    argument to grant a motion for new trial on the minutes under Code Civ.
    Proc. § 999, authorizing the entertaining of such motion at the same term,
    though the motion was originally made and denied during the term.
    [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 334; Dec. Dig.
    § 158.*]

2. NEW TRIAL (§ 155*)—MOTION—RIGHT TO ENTERTAIN.
    After expiration of the term, the trial court is without jurisdiction to
    grant a motion for new trial on the ground of surprise and newly discov-
    ered evidence, except at Special Term on a case made and settled.
    [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 315; Dec. Dig.
    § 155.*]

Appeal from City Court of New York, Trial Term.

Action by Madge Rayne, an infant, etc., against John O'Connor.
From an order setting aside verdict and granting new trial, plaintiff
appeals. Reversed.

Argued February term, 1914, before SEABURY, GUY, and DE-
LANY, JJ.

Abraham Harris, of New York City (Hugo Wintner, of New York
City, of counsel), for appellant.

Thomas E. Rush, of New York City (Effingham N. Dodge, of New
York City, of counsel), for respondent.

DELANY, J. This was an action for damages for negligence in
which the plaintiff was awarded a verdict. On the rendition of the
verdict the defendant made the customary motion to set the verdict
aside and for a new trial, under section 999 of the Code of Civil Pro-
cedure. This motion was thereupon denied, and an order to that
effect was made, and judgment entered. Subsequently, and after the
term at which the motion was made had passed, the defendant ob-
tained an order returnable before the same trial justice, then sitting
in another part of the court, but not in Special Term, to show cause
why—

"the defendant's motion to set aside the verdict and for a new trial of this
action, made upon the minutes at Trial Term, part 7, on the 21st day of No-
vember, 1913, should not be reheard and reargued in furtherance of justice,
and why said motion should not be granted upon the grounds stated at the
time of said motion, and upon the further ground of manifest injustice to the
defendant and of newly discovered evidence and surprise, and why the de-
fendant should not have such other and further relief as to the court may
seem just and proper."

On the return day plaintiff's attorney appeared specially and pre-
liminarily objected to the hearing of the motion, and took exception
to the jurisdiction and authority of the justice to grant the order to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

show cause on which the motion was based and to the jurisdiction and and authority of the judge or court to· hear and decide the motion, and objected further to the form and legal sufficiency of the proceeding and papers on the ground that there was no case made and settled, and to the sufficiency of the affidavits upon which the order to show cause was granted to bring up the question of the reargument of the motion made under section 999 of the Code. These objections were overruled, and the learned justice granted the order.

[1, 2] The assumption of jurisdiction we regard as irregular, and, as it was not acquiesced in by the plaintiff, it constitutes reversible error. It will be observed that this motion purports to be made on two general grounds: First, to set aside the verdict on the judge's. minutes under section 999 of the Code; and, second, on the ground of surprise and newly discovered evidence. The order granted did not state specifically the grounds on which it was granted, but an accompanying opinion of the learned justice warrants the. assumption that the ground for granting it was newly discovered evidence only. If it is regarded as an order granted under section 999 of the Code, the learned judge was without authority to grant the motion on a reargument because the term at which the trial was had had expired. Ellis v. Hearn, 132 App. Div. 207, 116 N. Y. Supp. 977; Polo v. D'Achille, 157 App. Div. 294, at pages 296, 297, 142 N. Y. Supp. 506. If it is regarded as a motion on newly discovered evidence, it was likewise unauthorized, for such a motion could not be granted except on a case made and settled and at Special Term. Bridenbecker v. Bridenbecker, 75 App. Div. 6, 77 N. Y. Supp. 802; Soloman v. Alexander, 128 App. Div. 441, 112 N. Y. Supp. 779.

The order appealed from should be reversed, with $10 costs and disbursements, and the verdict and judgment reinstated. All concur.