ELIZABETH CLANCY, as Administratrix of the Estate of
PATRICK CLANCY, Deceased, Respondent, v. NEW
YORK, NEW HAVEN and HARTFORD RAILROAD COM-
PANY, Appellant.

**Practice — when error to permit re-argument of previously
granted motion to set aside verdict and for a new trial and to
then deny said motion.**

Where a motion to set aside a verdict and for a new trial, under
section 999-of the Code of Civil Procedure, was granted at the same
term at which the trial was had, it was error to permit a re-argu-
ment of said motion eighteen months later, at another term of the
court.

*Clancy* v. *N. Y., N. H. & H. R. R. Co.*, 177 App. Div. 900, reversed.

(Argued March 19, 1919; decided April 15, 1919.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the second judicial department,
entered March 6, 1917, affirming a judgment in favor
of plaintiff entered upon a verdict directed by the court
bringing up for review certain orders which are referred
to in the opinion.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Edward J. A. Rook, I. R. Oeland* and *Charles M.
Sheafe* for appellant. The court had no jurisdiction to
set aside the order granting the defendant a new trial
made in January, 1914. (*Duer* v. *Cons. Gas Co.*, 104
App. Div. 465; *Sutherland* v. *Murray*, 170 App. Div.
340.)

*Michael J. Tierney* for respondent. The court was
empowered to grant and order rehearing or reargument
and reconsideration of the defendant's motion upon
the judge's minutes to set aside the verdict and grant
a new trial; such power is inherent and not controlled,

limited or affected by the Code but independent of the Code. (*Archer* v. *Archer*, 171 App. Div. 549; *Vanderbilt* v. *Schreier*, 81 N. Y. 646; *Ladd* v. *Stevenson*, 112 N. Y. 325; *Weston* v. *Citizens National Bank*, 88 App. Div. 330; *Clark* v. *Scovill*, 198 N. Y. 279; *Matter of Automatic Chain Co.*, 64 Misc. Rep. 280; *Matter of People, State of New York*, 81 Misc. Rep. 324; *Matter of Crane*, 81 Hun, 96; *Matter of National Gramophone Corp.*, 87 App. Div. 76; *People* v. *National Trust Co.*, 31 Hun, 20; Baylies' Trial Practice [2d ed.], 664, 665.)

HOGAN, J.   The present action was brought under the Employers' Liability Act to recover damages for the alleged negligence of the defendant which resulted in the death of plaintiff's intestate.

A question of practice is presented upon this appeal which must be disposed of, irrespective of the merits of the case, and which arose in the following manner.

Upon the trial under review, which was had on January 13th and 14th, 1914, counsel for defendant moved to dismiss the complaint particularly upon the ground that section 841-b of the Code of Civil Procedure was inapplicable to the case at bar, and defendant was not required to sustain the burden of proof as to contributory negligence, the statute not being retroactive, and upon the further ground that assuming the burden of proof rested on defendant that upon the evidence defendant had sustained the burden.   The trial justice denied the motion, holding that under section 841-b of the Code of Civil Procedure the burden of proof as to contributory negligence was on defendant.   Exceptions were duly taken to the rulings of the trial justice and counsel for defendant then moved that a verdict for defendant be directed by the trial justice.   Counsel for plaintiff thereupon moved that a verdict be directed for plaintiff.   The justice directed the jury to find a verdict in favor of plaintiff for a substantial amount and the jury reported

a verdict as directed.   Counsel for defendant thereupon moved to set aside the verdict and for a new trial upon the ground that the verdict was contrary to the evidence, contrary to law, against the weight of evidence and especially on account of the alleged error of the justice in imposing upon defendant the burden of proof of contributory negligence.   The justice reserved decision of the motion and on January 15th, 1914, the trial justice made an order that the verdict be set aside and new trial granted.   Upon a resettlement of the order the same was amended so as to read " that the said verdict be, and the same hereby is, set aside and a new trial be, and the same hereby is granted, solely upon the ground and for the reason that section 841-b of the Code of Civil Procedure is not applicable and does not affect the trial of this action, for the reason that it was enacted after the commencement of this action, and the said motion in all other respects is hereby denied."   The latter order was entered in the office of the clerk of Westchester county, January 31st, 1914.   On February 24th, 1914, plaintiff served a notice of appeal from the order but the appeal was never perfected.

June 23d, 1914, upon the application of counsel for plaintiff, the justice who presided at the trial granted an order requiring defendant to show cause at a Special Term for trials at Poughkeepsie on June 26th, 1914, why an order should not be made vacating and setting aside the order entered January 31st setting aside the verdict and granting a new trial and defendant's motion to set aside the verdict should not be reconsidered, reargued and the motion be denied.   The sole reason for the granting of the order as appears from an affidavit on which it was based is that on May 14th the Supreme Court in Brooklyn in the case of *Nicholson* v. *City of New York* had held section 841-b of the Code was applicable to actions commenced before the enactment of the same.

The determination of the motion for a re-argument was held in abeyance pending the decision of the Appellate Division in the *Nicholson* case and argument thereon was subsequently adjourned by consent of the parties. A number of motions were made from time to time which are unnecessary to detail here. Re-argument of the motion made at the close of the trial was granted and heard at Special Term on September 11th, 1915, some eighteen months subsequent to the trial and presumably long after the term at which the trial was had terminated. Afterwards said motion was decided and an order duly made and entered, which provided:

" Ordered upon the re-argument thereof that the defendant's said motion upon the minutes to set aside the plaintiff's said verdict upon the trial herein and grant a new trial herein be and the same hereby is in all respects denied."

The order was entered in Westchester county clerk's office December 27th, 1915, and upon the same day judgment was entered in favor of plaintiff. Upon appeal from the judgment and order by defendant the same were affirmed, one justice not voting. Defendant appeals to this court and challenges the jurisdiction of the court below to set aside the order made granting a new trial of the action. Counsel for the respondent claims that the power of the court to make the order is inherent and not controlled or limited by the Code.

The motion made by defendant to set aside the verdict and for a new trial was entertained by the trial justice under section 999 of the Code of Civil Procedure and was based substantially upon exceptions or because the verdict was contrary to law or contrary to the evidence. Under that provision of the Code the motion was required to be made at the same term at which the trial was had and the appeal from the order made upon a determination thereon must be heard upon a case prepared and settled in the usual manner,

The motion to set aside the verdict and for a new trial was granted at the same term at which the trial was had and the order to that effect entered January 31st, which discloses that the trial justice granted the order solely for the reason that after consideration he was convinced he was in error as matter of law in the construction and application of section 841-b of the Code of Civil Procedure in the action at bar. The result of that order as affecting the substantial rights of the parties is apparent. The defendant against which a verdict for a substantial sum of money was directed was relieved therefrom. The plaintiff was deprived of her verdict and denied the right to enter judgment thereon and a retrial of the action was imposed upon her. The order granted by the trial justice was as effective as would have been a judgment so far as the rights of the parties were concerned.

The status of the parties thus remained until the order entered December 27th, 1915, which granted a re-argument of the motion made at the close of the trial and denied the motion to set aside the verdict and for a new trial. The granting of the last order referred to resulted in the entry of a judgment in favor of the plaintiff against defendant and the substantial rights of the parties were as clearly affected as were the rights of the plaintiff when the verdict in her favor was set aside and a retrial ordered. We think the weight of authority is contrary to the practice adopted in this case. (*Herpe* v. *Herpe,* 225 N. Y. 323; *Bohlen* v. *Metr. E. R. Co.,* 121 N. Y. 546; *Heath* v. *N. Y. B. L. B. Co.,* 146 N. Y. 260; *Heinitz* v. *Darmstadt,* 140 App. Div. 252; *Ellis* v. *Hearn,* 132 App. Div. 207, 209.)

For this reason the judgment and order herein must be reversed and a new trial granted, with costs to abide the event.

CHASE, COLLIN, CUDDEBACK and McLAUGHLIN, JJ., concur with HOGAN, J.

CRANE, J., reads dissenting memorandum, as follows: Even if the practice of setting aside an order setting aside a verdict and reinstating it were irregular, the Appellate Division subsequently in passing upon the entire case, law and facts, has affirmed the judgment entered upon the verdict and decided that the trial judge was right in his final conclusion. We also agree that he should not have set aside the verdict for the reasons stated. While such practice may not be proper, I do not see what is to be gained by granting a new trial in this case, for what must now be a harmless step in practice.

HISCOCK, Ch. J., not sitting.

Judgment reversed, etc.