AARON TRAVITZKY, Plaintiff, *v.* ISIDORE A. SCHAMROTH et al., Defendants.

Supreme Court, Special Term, New York County, October 25, 1949.

*I. Maurice Wormser* and *Francis X. Mancuso* for plaintiff.

*Vitalis L. Chalif* for defendants.

BENVENGA, J. This is a motion for a new trial on the ground of newly discovered evidence. The motion was made upon a case, returnable at Special Term. Pursuant to an established practice, apparently concurred in by some of the Justices in this department, the motion was referred to me, as the Trial Judge,

for determination. The moving party challenges the propriety of this practice and contends that under section 552 of the Civil Practice Act the motion should be heard and decided at Special Term. That section, so far as pertinent, provides: "In a case not specified in the last three sections, a motion for a new trial must be heard and decided, in the first instance, at the special term."

In accordance with the elementary rule that statutes *in pari materia* are to be construed together (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], §§ 221–223), sections 549 to 552 of the Civil Practice Act, inclusive, should be read together and in connection with rule 221 of the Rules of Civil Practice and rule III of the Rules of Special Term of the New York County Supreme Court. When so construed, it becomes quite clear that, where the motion is made " upon the judge's minutes " or the stenographer's record (see Rules Civ. Prac.; rule 223), that is, where it is founded upon exceptions or an allegation of error made by the judge who presided at the trial, the motion must be heard and decided by the trial judge, unless he is dead, or his term of office has expired, or he is disqualified for any reason, or he specifically directs that the motion should be heard before another judge. But where the motion is not made upon the judge's minutes, but on grounds not specified in sections 549 to 551 inclusive, then the motion must be made upon a case and heard and decided at the Special Term.

That a motion for a new trial on the ground of newly discovered evidence comes within the purview of the above-quoted provision of section 552, and that the motion must be made upon a case and heard and decided at Special Term is well settled (*Hart* v. *Ithaca Conservatory*, 144 Misc. 400, 403; *Preleson* v. *Ali*, 142 Misc. 296, 297; *Los Angeles I. S. Corp.* v. *Joslyn*, 12 N. Y. S. 2d 370, 378; 4 Carmody on New York Practice, §§ 1411, 1431, 1440). So, also, where the moving party claims to have been surprised by something which happened in the course of the trial (*Ellis* v. *Hearn*, 132 App. Div. 207, 209, 211; *Weaver* v. *Scripture*, 125 Misc. 741, 742, 746, affd. 214 App. Div. 852; 4 Carmody on New York Practice, §§ 1431, 1437), or where the basis of the motion is the alleged misconduct of the successful party, of the judge or any officer of the court, or of the jury (*Murphy* v. *16 Abingdon Square Realty Corp.*, 243 App. Div. 815, 816; *Werner* v. *Interurban St. Ry. Co.*, 99 App. Div. 592, 593; 4 Carmody on New York Practice, §§ 1431, 1432). The principles underlying these sections and decisions find expression in rule III of the Rules of Special Term, which provides: " Only

the following motions and applications will be accepted by the calendar clerk of Special Term, Part III, for addition to the Motion Calendar of that Part: * * *

" 3. Motions for new trials on the ground of surprise, upon exceptions or newly discovered evidence."

Indeed, while the trial judge may direct that a motion for a new trial on the judge's minutes may be heard before another judge, no such power is given to Special Term where the motion is not made upon the judge's minutes. In such a case, section 552 requires that the motion be heard and decided at Special Term. The statute is mandatory. The motion must be heard and decided, in the first instance, at Special Term. " The orderly administration of justice requires that the practice as governed by Code and rules should be followed " (*Ellis* v. *Hearn,* 132 App. Div. 207, 210–211, *supra*).

The motion is respectfully referred back to Mr. Justice AURELIO, the Justice who presided at the Special Term on the return date of the motion.